**In re NORTHAMPTON CORPORATION, Debtor.**

**Bankruptcy No. 83–03644G.**

United States Bankruptcy Court, E.D. Pennsylvania.

June 19, 1984.

Bruce D. Shuter, Joseph A. Dworetzky, Warren T. Pratt, Drinker Biddle & Reath, Philadelphia, Pa., for debtor, Northampton Corp.

Leon F. Forman, Earl T. Stamm, Wexler, Weisman, Forman & Shapiro, P.C., Philadelphia, Pa., for secured creditor, Manufacturers Hanover Trust Co.

Richard B. Bland, Lancaster, Bland, Eisele & Herring, Hyattsville, Md., for holders of first and second Deeds of Trust.

Michael Sigal, Simpson Thacher & Bartlett, New York City, for Manufacturers Hanover Trust Co.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue in the matter before us is whether we should grant a creditor's renewed motion to convert or dismiss a chapter 11 proceeding when the debtor attempts to use that proceeding to affect or modify claims which were to be satisfied under a plan confirmed in its prior chapter 11 case when that prior plan has been substantially, although not fully, consummated. For the reasons stated herein, we will convert the case to chapter 7.

The facts of this case were outlined more thoroughly in our previous opinion [1] in this matter, and thus we will reiterate only the most salient facts here:[2] The debtor's first

**2.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") was filed in 1981 and we confirmed the debtor's plan later that year. That plan provided, *inter alia*, that the debtor would pay a $2,000,000.00 secured claim to Manufacturers Hanover Trust Company ("Hanover") by April 28, 1983. The debtor failed to provide payment to Hanover by that time and Hanover began foreclosure proceedings against the realty which secured the debt. The debtor then filed its second petition for reorganization under chapter 11 on September 16, 1983, which gave rise to an automatic stay under 11 U.S.C. § 362(a) which barred Hanover from further continuing with the foreclosure. Hanover moved for dismissal of the case or, in the alternative, for conversion to chapter 7. The debtor opposed the motion on several grounds, one of which was its allegation that Hanover interfered with the debtor's ability to refinance or develop its only significant asset, which is a parcel of realty. In an order accompanied by our opinion we withheld adjudication on Hanover's motion pending the completion of the debtor's discovery against Hanover on the above mentioned allegation. Asserting that discovery has been competed, Hanover now renews its motion, but such renewed motion only addresses the issue of dismissal while the original motion discussed dismissal and alternatively conversion.

In our original opinion we reached several legal conclusions, among which is that the plan which had been confirmed in the debtor's previous chapter 11 proceeding had been substantially—although not fully —consummated. 11 U.S.C. § 1101(2). A confirmed plan may be modified only before substantial consummation, but not after. 11 U.S.C. § 1127(b). The filing of a chapter 11 petition, with an eye toward curing defaults arising under a previously confirmed chapter 11 plan, is so akin to modifying the previous plan within the meaning of § 1127(b) that we deemed the filing of a new chapter 11 petition an attempted modification under that section. 37 B.R. 113. Since such a modification may not be sought after substantial consummation of the plan, the debtor cannot effect that result by filing a new chapter 11 petition. Consequently, the debtor cannot affect or modify the claims of creditors, which were fixed through substantial consummation of a confirmed chapter 11 plan, by later filing another chapter 11 petition and plan. Thus, the pendency of this chapter 11 proceeding is for naught.

As stated above, Hanover has moved for dismissal of the case or, in the alternative, for conversion to chapter 7. Either form of relief may be granted "for cause" under 11 U.S.C. § 1112(b).[3] Since the debtor is attempting to use the chapter 11 proceeding predominantly for the purpose of affecting the claims of Hanover and other creditors which were unsuccessfully addressed in the confirmed plan in the prior chapter 11 proceeding, and since we stated that these claims may not now be affected or modified by the current chapter 11 case,

---

**3.** § 1112. Conversion or dismissal

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan; and

(9) termination of a plan by reason of the occurrence of a condition specified in the plan.

&ast; &ast; &ast; &ast; &ast; &ast;

we conclude that "cause" under § 1112(b) is present. Since conversion is a less drastic remedy than dismissal, we will convert the case to chapter 7 since this form of relief will effectively resolve the dispute at bench. We lastly note that the debtor has received more than an adequate opportunity to conduct discovery in hopes of uncovering facts which support its claim that Hanover interfered with debtor's attempts to improve and develop its realty. It has been unsuccessful. We will, accordingly, enter an order converting the case to chapter 7.