In re AT OF MAINE, INC., Debtor.

Bankruptcy No. 185–00221.

United States Bankruptcy Court,
D. Maine.

Dec. 3, 1985.

George Marcus, Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for debtor.

Robert Checkoway, Preti, Flaherty & Beliveau, Portland, Me., Daniel J. Callaghan, Devine, Millimet, Stahl & Branch, PA, Manchester, N.H., for Maine Nat. Bank.

Christopher Holleman, Concord, N.H., for SBA.

MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The debtor, AT of Maine, Inc., filed a voluntary petition under Chapter 11 of the

United States Bankruptcy Code in the United States Bankruptcy Court for the District of Maine on July 26, 1985. On August 14, 1985, two alleged creditors of the debtor's estate, the Maine National Bank, ("MNB"), and the United States of America, acting through the Small Business Administration, ("SBA"), filed a motion to dismiss the proceeding, which was later amended. The parties filed memoranda of law and the Court held a hearing on the amended motion to dismiss on October 16, 1985. This memorandum of decision constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.

The facts in this case are not in serious dispute. The debtor in this case had previously filed a Chapter 11 proceeding on August 14, 1981, together with its affiliate, American Trawler Corporation. At the time of the original filing by AT of Maine, Inc., AT of Maine, Inc. had no assets except for $1,000.00 in cash and had only one creditor, Richard Bruno, ("Bruno"), the President and sole stockholder of the debtor. The current creditors of AT of Maine, Inc., the MNB and the SBA, were not creditors of AT of Maine, Inc. in the original Chapter 11 proceeding, but were creditors of American Trawler Corporation. This Court, on September 20, 1982, confirmed a consolidated, amended plan of reorganization filed by AT of Maine, Inc. and American Trawler Corporation. The consolidated plan provided, *inter alia*, that Bruno, also President and sole stockholder of American Trawler Corporation, would transfer to AT of Maine, Inc. certain assets and real property owned by him personally that partially secured the claims of the MNB and the SBA, subject to the existing, valid liens of the secured creditors. Under the consolidated plan, monthly payments would be made to the MNB and the SBA. In addition, an initial dividend would be paid to the unsecured creditors equal to 10% of their allowed claims, plus $9,297.13 to be paid *pro rata*, and additionally notes would be given to the unsecured creditors equal to 10% of their allowed claims to the extent that American Trawler Corporation had pre-tax operating profits in excess of $200,000.00 as reported on its tax returns, provided that such notes would provide for an annual interest rate of 10% of the amount remaining unpaid after October 1, 1983. It is undisputed that at or about the time of confirmation, Bruno transferred the assets and real property to AT of Maine, Inc., as trustee of the Richard A. Bruno Nominee Trust dated September 1, 1982. Subsequent to the confirmation, the MNB received payments through March, 1985, and the SBA received payments through May, 1984. The unsecured creditors have been disbursed their initial 10% dividend but have not received the *pro rata* sum of $9,297.13 or the contingent ten-percent dividend.

The debtor, AT of Maine, Inc., has now filed a second Chapter 11 proceeding proposing to sell the assets and real property to satisfy the obligations of the MNB and the SBA. The MNB and the SBA object to the filing of a second Chapter 11 proceeding on the grounds that AT of Maine, Inc. seeks to modify its previously confirmed plan after substantial consummation of the original Chapter 11 proceeding in violation of 11 U.S.C. § 1127(b).

Under section 1141(a) of the Code, the provisions of a confirmed plan are binding upon the debtor. *See* 11 U.S.C. § 1141(a). Section 1127(b) of the Code provides that

(b) (t)he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan[.]

11 U.S.C. § 1127(b).

The term "substantial consummation" is defined in § 1101(2) of the Code as the

(A) transfer of all or substantially all of the property proposed by the plan to be transferred;

(B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially

all of the property dealt with by the plan; and

(C) commencement of distribution under the plan.

11 U.S.C. § 1101(2).

Section 1127(b) infers that the proponent of a plan or the reorganized debtor may not modify a plan after substantial consummation and prohibits an interference with the vested rights of those creditors provided for under a substantially consummated plan. *See 3 Norton on Bankruptcy Law and Practice,* ¶ 64.02 at 2 (1981), *cited in In re Northampton, Inc.,* 37 B.R. 110, 113 (Bankr.E.D.Pa.1984).

■ The Court finds that under the facts of this case and as a matter of law the consolidated plan of reorganization filed by AT of Maine, Inc. and American Trawler Corporation, as confirmed by the Court on September 20, 1982, has been substantially consummated. The assets and the real property owned by Bruno were transferred to AT of Maine, Inc. as trustee of the Richard A. Bruno Nominee Trust. Payments to both secured and unsecured creditors were commenced. AT of Maine, Inc. is therefore precluded from modifying the consolidated plan under 11 U.S.C. § 1127(b).

■ The issue presented to the Court in this case is whether AT of Maine, Inc., despite 11 U.S.C. § 1127(b), should be allowed to file a new Chapter 11 petition that, in essence, would affect or modify the consolidated plan, as confirmed.

This Court is persuaded by the reasoning in *In re Northampton Corporation,* 39 B.R. 955 (Bankr.E.D.Pa.1984) where in a case substantially similar to the one at bar a creditor's motion to convert a Chapter 11 case was granted on the grounds that the case attempted to modify the debtor's previously confirmed Chapter 11 plan after substantial consummation. The debtor in that case had defaulted under the provisions of the original plan and prior to foreclosure by one of the debtor's creditors, the debtor filed a second Chapter 11 petition. The court found that the filing of the second petition was tantamount to modifying the previous plan after substantial consummation in violation of 11 U.S.C. § 1127(b), and in a related case reasoned that to hold otherwise would be to "allow [the] debtor to continuously circumvent the provisions of a confirmed plan by filing Chapter 11 petitions *ad infinitum." In re Northampton Corporation,* 37 B.R. 110, 112–13 (Bankr.E.D.Pa.1984). The Court agrees with the holding in *Northampton* and finds that the debtor's filing of the present Chapter 11 petition is a veiled attempt to modify the previous consolidated plan, as confirmed by the Court, in contravention of 11 U.S.C. § 1127(b).

This Court is further convinced that the reasoning in the *Northampton* case should prevail in this instance where AT of Maine, Inc. seeks to modify a substantially consummated plan when a principal in the original proceeding, namely American Trawler Corporation, is not a party to this proceeding. At the time of the original filing by American Trawler Corporation and AT of Maine, Inc., the MNB and the SBA were creditors of American Trawler Corporation. AT of Maine had virtually no assets and had only one creditor. Only as a result of the confirmation of the consolidated plan and the transfer of property by Bruno to AT of Maine, Inc. as trustee of the Richard A. Bruno Nominee Trust did AT of Maine, Inc. become obligated to the MNB and the SBA. Although AT of Maine, Inc. now seeks to modify the obligations by the filing of a second Chapter 11 petition, American Trawler Corporation is not before this Court.

■ The MNB and the SBA further suggest that the present Chapter 11 proceeding should be dismissed under 11 U.S.C. § 1112(b) on the grounds that the petition has been filed in bad faith. Section 1112(b) of the Code provides that

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case

under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

(1) continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation;

(2) inability to effectuate a plan;

(3) unreasonable delay by the debtor that is prejudicial to creditors;

(4) failure to propose a plan under section 1121 of this title within any time fixed by the court;

(5) denial of confirmation of every proposed plan and denial of a request made for additional time for filing another plan or a modification of a plan;

(6) revocation of an order of confirmation under section 1144 of this title, and denial of confirmation of another plan or a modified plan under section 1129 of this title;

(7) inability to effectuate substantial consummation of a confirmed plan;

(8) material default by the debtor with respect to a confirmed plan; or

(9) termination of a plan by reason of the occurrence of a condition specified in the plan.

11 U.S.C. § 1112(b).

Although not specifically delineated in 11 U.S.C. § 1112(b) as grounds for conversion or dismissal of a Chapter 11 petition, a "good faith" requirement to the filing or continuation of a proceeding under Chapter 11 of the Code has been imposed by the courts. *See, e.g., In re G–2 Realty Trust*, 6 B.R. 549, 2 C.B.C.2d 1344 (Bankr.D.Mass. 1980). AT of Maine, Inc. holds property only as trustee of the Richard A. Bruno Nominee Trust for the benefit of its sole beneficiary. The debtor has no assets of its own, operates no business, has no bank accounts, has no employer tax identification number, has filed no tax returns or financial statements, and has no means by which to insure or protect the assets which are the subject matter of the trust. In addition, it appears that the debtor will receive no substantial benefit from the property in question. The Court can see no justification for the filing of the second Chapter 11 petition other than to protect the trust's sole beneficiary, Richard Bruno, by preventing the MNB and the SBA from taking whatever action those creditors are entitled to initiate against the property held by the trust as a result of nonpayment under the previous consolidated plan, as confirmed. The Court therefore concludes that under the facts of this case, the second Chapter 11 petition filed by AT of Maine, Inc. was not filed in good faith.

In accordance with the above findings of fact and conclusions of law, the Chapter 11 petition filed by AT of Maine, Inc. on July 26, 1985 shall be dismissed.

Enter Order.