**In re Horace Roger HILL and Samantha Hill, Debtors.**

**FEDERAL LAND BANK OF ST. LOUIS, Movant,**

v.

**Horace Roger HILL and Samantha Hill, Respondents.**

Bankruptcy No. 88–20065–BKC–DPM–N. Motion No. 01.

United States Bankruptcy Court, E.D. Missouri, N.D.

March 25, 1988.

David A. Warfield, St. Louis, Mo., for The Federal Land Bank of St. Louis.

Fredrich J. Cruse, Hannibal, Mo., for debtors.

Robert M. Clayton, II, Hannibal, Mo., for Holder of Second Deed of Trust.

## FINDINGS AND CONCLUSIONS AND ORDERS

JAMES J. BARTA, Chief Judge.

The expedited hearing upon the motion of the Federal Land Bank to dismiss this case for relief from the automatic stay was called at 8:30 a.m. in Bankruptcy Court No. 1. The parties presented certain oral arguments and the Court announced its Findings and Conclusions and Orders from the bench as follows:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O); and

That there are now two cases pending in this Court on behalf of Horace Roger Hill and Samantha Hill, husband and wife. The first case was commenced on June 5, 1984, and the Debtors are operating as Reorganized Debtors under a confirmed Chapter 11 Plan of Reorganization. The second case was filed on March 21, 1988 under Chapter 12 of Title 11; and

That a Debtor may not simultaneously be a debtor in two bankruptcy cases under separate chapters of the Bankruptcy Code; See generally, *In re Wead*, 38 B.R. 658, 659 (Bkrtcy.Mo.1984).

That the fact that a plan of reorganization has been confirmed in the pending Chapter 11 case does not alter the finding that the Chapter 12 case deals with the same debts as those which are the debts of the post-confirmation Reorganized Debtors; and that, therefore, the Debtors may not simultaneously be Debtors in the pending Chapter 11 case and in the recently filed Chapter 12 case;

That the parties have reported that the Reorganized Debtors have made several payments under the confirmed plan, and that, therefore, there has been substantial consummation of such plan; and

That to the extent that the commencement of the Chapter 12 case during the pendency of the Chapter 11 case is an attempt to modify the confirmed plan, such modification is not permitted by 11 U.S.C. § 1127(b); and

■ That a Debtor may not convert a pending Chapter 11 case to a case under Chapter 12; *In re Ray,* 70 B.R. 431 (Bkrtcy, E.D.Mo., 1987); *In re Albertson,* 68 B.R. 1017 (Bkrtcy, W.D.Mo., 1987);

That the Debtors in the Chapter 12 case are the same as the Reorganized Debtors in the pending Chapter 11 case; and that the Chapter 11 case was pending on November 26, 1986, the effective date of the Chapter 12 provisions; and

That, therefore, to the extent that the commencement of the Chapter 12 case during the pendency of the Chapter 11 case is an attempt to convert the Chapter 11 case, such conversion is not permitted.

IT IS ORDERED that the Debtors' request to convert their pending Chapter 11 case to a Chapter 12 case is denied; and

That the Debtors' request to modify their confirmed Chapter 11 Plan of Reorganization is denied.

Whereupon, the Court announced that in view of these Findings and Conclusions and Orders, the Debtors have several options including dismissal of the pending Chapter 11 case to allow the Debtors to continue the Chapter 12 case; dismissal of the Chapter 12 Petition to allow the Debtors to pursue their remedies under the confirmed Plan of Reorganization in the Chapter 11 case; or dismissal of all bankruptcy cases to permit the Debtors to pursue their non-bankruptcy remedies. After a brief recess, the Debtors requested that the Court reconsider its order. Upon consideration of the record as a whole, the Court entered the following additional Findings and Conclusions and Orders from the bench:

That the Debtors' default in the payments to this Movant under the confirmed plan occurred on or about December 7, 1987; and that the Movant commenced foreclosure upon the security which is collateral for the loan; and that the foreclosure is scheduled for 1:30 p.m. this date, March 25, 1988; and that in the pending Chapter 11 case, the Debtors have elected to not file a request for the entry of an Order of Discharge or for a Final Order closing the case; and

That since the post-confirmation default, the Debtors have elected to not avail themselves of any remedies which may be available to them under the pending Chapter 11 case; and

That the Debtors have elected to not present any evidence in this proceeding with respect to the cause of the post-confirmation default; what, if any attempts have been made to cure the default; or what adequate protection would be provided to this Movant in the event that the automatic stay is allowed to continue in the Chapter 12 case; and

That the Debtors have elected to commence a Chapter 12 case during the pendency of the Chapter 11 case; and that no Schedules or Chapter 12 Statements have been filed; and that no evidence has been presented to support the Debtors' ability to present a Chapter 12 Plan worthy of confirmation; and

That, therefore, cause has been shown to grant the Movant's requests, and that the Movant's interests will not be adequately protected if this relief is not granted; therefore,

That the Debtors have elected to not dismiss either the Chapter 11 case or the Chapter 12 case after a consideration of these Findings and Conclusions; and

That the Chapter 12 case having been filed during the pendency of the Chapter 11 case, the Chapter 12 case must be dismissed; therefore,

IT IS ORDERED that the Debtors' Chapter 12 Petition and Case are dismissed; and that the automatic stays are terminated; and that the Motion of Federal Land Bank for relief from stay is denied as moot; and

IT IS FURTHER ORDERED that the Debtors' request to reconsider the previous orders is denied; and that the Debtors' request for a stay pending an appeal of these orders is denied in view of a consideration of Movant's objections and these Findings and Conclusions.