**In the Matter of Max Ronald CULBRETH, Sr., Debtor.**

**Bankruptcy No. 87–60291–THOM.**

United States Bankruptcy Court, M.D. Georgia, Thomasville Division.

June 27, 1988.

Lillian H. Lockary, Asst. U.S. Atty., Macon, Ga., for U.S.

David M. Wolfson, Valdosta, Ga., for debtor.

Walter W. Kelley, Albany, Ga., Chapter 12 trustee.

Robert L. Coley, Atlanta, Ga., U.S. trustee for Region 21.

## ORDER ON OBJECTION TO CONFIRMATION OF CHAPTER 12 PLAN

ROBERT F. HERSHNER, Jr., Chief Judge.

Max Ronald Culbreth, Sr., Debtor, filed his Chapter 12 case with the Court on November 27, 1987. Debtor's Chapter 12 plan came on for confirmation hearing on June 2, 1988. The United States of America on behalf of the Farmers Home Administration and on behalf of the Small Business Administration filed objections to confirmation on April 22, 1988. On May 12, 1988, the United States filed an amendment to the objection to confirmation filed on behalf of the Farmers Home Administration. The sole ground for objection is whether Debtor may file a Chapter 12 case since within six years of filing the Chapter 12 case Debtor had a plan of reorganization confirmed under Chapter 11 of the Bankruptcy Code.

Debtor filed a Chapter 11 case with the Court on June 4, 1984. A Chapter 11 plan was confirmed by the Court on April 18, 1985. The Chapter 11 plan was substantially consummated, and on January 15, 1987, a final decree was entered in the Chapter 11 case.

Debtor now seeks additional bankruptcy relief under Chapter 12 of the Bankruptcy Code. The United States objects to this

additional relief on the grounds that the relief is barred by section 727 of the Bankruptcy Code.[1] The United States also asserts that confirmation of Debtor's Chapter 12 plan would constitute a modification of Debtor's confirmed and substantially consummated Chapter 11 plan contrary to the requirements of section 1127 of the Bankruptcy Code.[2]

Section 727 of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless—

(1) the debtor is not an individual;

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;  or

(B) property of the estate, after the date of the filing of the petition;

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

(B) presented or used a false claim;

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act;  or

(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

(6) the debtor has refused, in this case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify;

(B) on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked;  or

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify;

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider;

(8) the debtor has been granted a discharge under this section, under section 1141 of this title, or under section 14, 371, or 476 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition;

(9) the debtor has been granted a discharge under section 1228 or 1328 of this title, or under section 660 or 661 of the Bankruptcy Act, in a case commenced within six years before the date of the filing of the petition, unless payments under the plan in such case totaled at least—

---

**1.** 11 U.S.C.A. § 727 (West 1979 & Supp.1988).    **2.** 11 U.S.C.A. § 1127 (West 1979 & Supp.1988).

(A) 100 percent of the allowed unsecured claims in such case; or

(B)(i) 70 percent of such claims; and

(ii) the plan was proposed by the debtor in good faith, and was the debtor's best effort; or

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

(b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

(c)(1) The trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section.

(2) On request of a party in interest, the court may order the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge.

(d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

(e) The trustee, a creditor, or the United States trustee may request a revocation of a discharge—

(1) under subsection (d)(1) of this section within one year after such discharge is granted; or

(2) under subsection (d)(2) or (d)(3) of this section before the later of—

(A) one year after the granting of such discharge; and

(B) the date the case is closed.

Section 727 does not bar confirmation of Debtor's Chapter 12 plan. This section does not prohibit Debtor from seeking relief under Chapter 12. Section 727 prohibits Debtor from filing a Chapter 7 bankruptcy case. *See In re Bishop*, 74 B.R. 677, 16 Bankr.Ct.Dec. 413 (Bankr.M.D.Ga. 1987).

Chapter 12 of the Bankruptcy Code is emergency legislation enacted by Congress to deal with a crisis in family farming. Chapter 12 is patterned after Chapter 13 of the Bankruptcy Code. There is no prohibition in the Bankruptcy Code against a debtor receiving a discharge in a Chapter 7 case and then shortly thereafter filing a Chapter 13 case, provided that the Chapter 13 filing is in good faith. *Downey Savings and Loan Association v. Metz (In re Metz)*, 67 B.R. 462, 15 Bankr.Ct.Dec. 433 (Bankr. 9th Cir.1986), *aff'd*, 820 F.2d 1495 (9th Cir. 1987). Congress, in enacting Chapter 12, surely was aware of the practice of filing a Chapter 7 and following it with a Chapter 13. This practice is commonly referred to as a Chapter 20 procedure. If Congress had wanted to prohibit a family farmer from filing a Chapter 12 case once he had dealt with his debts in Chapter 11, it would have specifically prohibited it. Congress did not do so, and it is inappropriate for this Court to read such a prohibition into the law.

The next issue to be addressed by the Court is whether Debtor's Chapter 12 plan modifies his Chapter 11 plan in violation of section 1127(b), which provides:

(b) The proponent of a plan or the reorganized debtor may modify such plan

at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C.A. § 1127(b) (West Supp.1988).

The United States, in support of its argument, points to the fact that Debtor sought to modify his Chapter 11 plan prior to filing for relief under Chapter 12. The proposed modification was denied by the Court.

Section 1127(b) concerns modifications after confirmation and before substantial consummation. Debtor's Chapter 11 plan was substantially consummated and a final decree was entered. Section 1127(b) is not applicable to the issue before the Court.

In the Court's view, Chapter 12 of the Bankruptcy Code is emergency legislation, and Congress did not provide that prior relief under Chapter 11 would bar relief under Chapter 12. Of course there is still the requirement of section 1225(a)(3) that a Chapter 12 plan be proposed in good faith.

See *In re Kjerulf,* 82 B.R. 123, 16 Bankr. Ct.Dec. 1322 (Bankr.D.Or.1987); *In re Land,* 82 B.R. 572, 18 Collier Bankr.Cas.2d 348 (Bankr.D.Colo.1988). In this Chapter 12 case, Debtor is acting in good faith and has demonstrated a genuine need for the relief available under Chapter 12. Since the Court at the confirmation hearing determined that Debtor's plan met all other requirements for confirmation, Debtor's Chapter 12 plan will be confirmed, and Debtor's counsel should submit an appropriate order.

Accordingly; it is

ORDERED that the objections to confirmation filed by the United States of America on behalf of the Farmers Home Administration and on behalf of the Small Business Administration on April 22, 1988 and the amendment to the objection to confirmation filed by the United States on behalf of the Farmers Home Administration on May 12, 1988 hereby are overruled.