In re SPORTPAGES CORPORATION, a Texas corporation, d/b/a Sportpages, Flair, Fabulous Finds and Final Edition, Debtor.

W.A. KRUEGER COMPANY,
Respondent–Appellant,

v.

SPORTPAGES CORPORATION and its Unsecured Creditors Committee, Objectors–Appellees.

Nos. 86 B 9029, 89 C 1609.

United States District Court,
N.D. Illinois, E.D.

June 14, 1989.

Daniel A. Zazove, Karen Walin, Towbin & Zazove, Ltd., Chicago, Ill., for Sportpages.

Larry M. Wolfson, Frances Gecker, Jenner & Block, Chicago, Ill., for W.A. Krueger Co.

MEMORANDUM OPINION

KOCORAS, District Judge:

This matter is before the court on appeal from the Bankruptcy Court's final order reducing Appellant W.A. Krueger Company's ("Krueger") claim. For the following reasons, the decision of Bankruptcy Judge Schwartz is affirmed.

## FACTS

Krueger is a Wisconsin corporation engaged in the printing business. Sportpages Corporation ("Sportpages" or "Debtor") was a mail order clothes merchandiser. On October 1, 1981, Krueger and Sportpages entered into a Commercial Product Agreement under which Krueger printed Sportpages' 1982 catalogues. Krueger fully performed and Sportpages failed to pay Krueger $594,416.14 due under the contract.

In February 1983, Sportpages filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas ("Sportpages I"). Debtor's plan of reorganization was confirmed on June 7, 1983. Under Sportpages I, trade debt, such as Krueger's claim, was discharged and satisfied by the debtor paying claims under one of three options. Krueger elected to receive cash in the amount equal to 40% of its allowed claim ($237,766.46), paid in three annual installments of $79,255.48. A promissory note was executed pursuant to the terms of the Sportpages I Plan. Sportpages paid Krueger only two of the three installments due under the promissory note.

On June 6, 1986, Sportpages filed a second voluntary Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Illinois ("Sportpages II"). On September 29, 1986, Krueger filed a proof of claim in Sportpages II for $435,905.16, the original balance due under the Commercial Product Agreement less the two payments received under the Sportpages I Plan. Krueger's claim indicated that the basis for the claim was a material default of Sportpages of its commitment under the Sportpages I Plan. On November 6, 1987, Krueger voted in favor of the Sportpages II Plan. On November 20, 1987, the Sportpages II Plan was confirmed. The Plan provides that Class 5 general unsecured claims, such as that of Krueger, shall receive a *pro rata* share of the proceeds from the sale of the Debtor's assets after payment of secured, administrative and priority claims.

On May 11, 1988, the Committee of Unsecured Creditors ("Committee") filed an objection to Krueger's claim. The basis for the Committee's objection was that $356,-649.68 of Krueger's claim was previously discharged by the Sportpages I Plan. The Bankruptcy Court held a hearing on the Committee's objection to Krueger's claim on December 13, 1988. Krueger argued that because the Sportpages II Plan impermissibly modified the Sportpages I Plan, Krueger is entitled to its original Sportpages I claim or to a priority claim for the balance due under the Sportpages I Plan. The Bankruptcy Court concluded that the Chicago plan of liquidation did not modify the Texas plan. On June 6, 1989, the bankruptcy court entered an order reducing Krueger's unsecured claim to $79,255. This appeal by Krueger followed.

## DISCUSSION

The applicable standard of review in this case is whether the Bankruptcy Court's findings of fact are clearly erroneous and whether the Bankruptcy Court's conclusions of law are contrary to law. Bankr. Rule 8013; *In re Longardner & Assoc., Inc.*, 855 F.2d 455, 459 (7th Cir.1988). This court must review the Bankruptcy Court's legal conclusions *de novo*. *In re Martin*, 698 F.2d 883, 885 (7th Cir.1983). The issue in this case is whether the bankruptcy court's ruling that Krueger's Sportpages II claim was discharged in large part by the Sportpages I proceeding was clearly erroneous. This court finds that such a ruling is not erroneous.

Section 1127(b) of the Bankruptcy Code provides that:

> (t)he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan.

11 U.S.C. § 1127(b). The parties stipulated that the Sportpages I plan of reorganization was "substantially consummated" as defined in § 1101(2) of the Code prior to the filing of the Sportpages II liquidation plan. Payment to the Sportpages I credi-

tors had commenced, including two of three payments to Krueger.

Krueger cites authority for the proposition that 11 U.S.C. § 1127(b) prohibits a debtor from filing a new seriatum Chapter 11 petition that, in essence, would affect or modify the previous plan as confirmed. *In re Northampton Corp.*, 39 B.R. 955 (Bkrtcy.E.D.Pa.1984); *In re AT of Maine, Inc.*, 56 B.R. 55 (Bkrtcy.D.Me.1985). These courts found that the filing of a second petition was tantamount to modifying the previous plan and to hold otherwise would be to "allow (the) debtor to continuously circumvent the provisions of a confirmed plan by filing Chapter 11 petitions *ad infinitum.*" *In re Maine*, 56 B.R. at 57 citing *In re Northampton*, 37 B.R. 110 at 112–13 (Bkrtcy.E.D.Pa.1984). The remedy discussed in all of the cases cited by Krueger is conversion to a Chapter 7 liquidation or dismissal of the second Chapter 11 petition pursuant to § 1112(b) of the Code.

 However, rather than seeking to dismiss Sportpages II, Krueger remained a creditor and pursued the full amount of its Sportpages I claim. Krueger alleges that it believed the claim was valid and had no reason to seek dismissal of the Sportpages II plan. Krueger cites no authority for its position that a material default of payment to a creditor under a confirmed plan resurrects discharged claims under that plan. Rather, just cause existed to dismiss or convert Sportpages II but Krueger did not object and the Sportpages II liquidation plan proceeded to confirmation as a second Chapter 11 case. This court agrees that Krueger's attempt to revive its claim previously discharged by final order of court is nothing more than an impermissible collateral attack upon the order confirming the Sportpages I plan. Bankruptcy Judge Schwartz made a factual determination that the Sportpages II liquidation plan was separate from and did not materially alter the Sportpages I plan.

 Krueger argues in the alternative that its claim should receive priority status ahead of other general unsecured creditors, since Sportpages II inequitably reduces its claim a second time. In support, Krueger

argues that the Bankruptcy Court has long been empowered to look through form to substance and devise new remedies where those in law are inadequate. The Committee argues that the principle of equality of distribution overrides the equitable powers of the bankruptcy court. It is not this court's function on appeal, however, to balance bankruptcy policy. The bankruptcy court determined that *pro rata* distribution of liquidation proceeds among all general unsecured creditors, including creditors from Sportpages I, was the most equitable resolution in this case. This court will not second-guess this finding.

## CONCLUSION

For the reasons stated, the decision of Bankruptcy Judge Schwartz to reduce Krueger's unsecured claim to $79,255 is affirmed.

It is so ordered.