**In re Willis R. GERTH.**

**Bankruptcy No. 89–10062.**

United States Bankruptcy Court, D. South Dakota.

Aug. 2, 1989.

David L. Nadolski, and Marsha K. Stacey, Sioux Falls, S.D., for FCBO.

Bryan R. Hedman, Brookings, S.D., for Debtor.

Kay Cee Hodson, Sioux Falls, S.D., for U.S. Trustee.

Todd D. Boyd, Clear Lake, S.D., for Creditor Douglas Gantvoort.

Thomas Lloyd, Pierre, S.D., for ASCS.

IRVIN N. HOYT, Chief Judge.

The Court has before it the Agricultural Stabilization and Conservation Service's (ASCS) motion to dismiss the Chapter 12 petition filed by Willis R. Gerth. Farm Credit Bank of Omaha (FCBO) joined in ASCS' motion. Gerth had earlier filed a Chapter 11 case, which has been confirmed and substantially consummated, but for which a final decree has not yet been entered. ASCS and FCBO claim that the open Chapter 11 case precludes Gerth's filing of a subsequent Chapter 12 petition.

Gerth filed a Chapter 11 petition in April of 1985. After an extension, Gerth filed his disclosure statement in November, 1985. FCBO's secured debt was restructured under Gerth's disclosure statement and plan. Gerth's plan, which provided for this Court's retention of jurisdiction until its completion or any modification thereof, was ultimately confirmed in October 1986. A final report and application for a final decree, required by B.R. 2015(A)(6) has not been filed to date.

Gerth defaulted on his Chapter 11 payments to FCBO. An agreement after mediation, as contemplated by SDCL Chapter 51–43, was never reached. FCBO thereafter sought foreclosure of its first mortgage lien. Gerth was timely served with FCBO's summons and complaint, but never answered the same, thus positioning FCBO to seek a default judgment. FCBO's attempt at seeking such judgment was stymied by Gerth's filing for protection under Chapter 12 of the Code in late April of 1989. A review of Gerth's Chapter 12 schedules reveals that he has listed many of the same secured and unsecured creditors as were previously being treated in his Chapter 11 case.

The question presented is whether Gerth's Chapter 12 petition should be dismissed because he is currently operating under a confirmed Chapter 11 plan. Briefs were submitted by Gerth, FCBO, creditor Douglas Gantvoort, and the United States Trustee. ASCS did not submit a brief, but instead relied upon the cases cited herein. The Court concludes that the dismissal of the Chapter 12 petition is warranted.

Gerth may not simultaneously be a debtor in two separate cases under two different chapters of the Bankruptcy Code. *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925). *A fortiori*, such is the case where, as here, the debtor attempts to inconsistently treat the same debts under two different chapters of the Code. *In re Hill*, 84 B.R. 623 (Bkrtcy.E.D. Mo.1988); *In re Smith*, 85 B.R. 872 (Bkrtcy.W.D.Ok.1988); *In re Fulks*, 93 B.R. 274 (Bkrtcy.M.D.Fla.1988). *Smith* is particularly instructive. In *Smith*, the debtor had originally filed under Chapter 11. The court ordered the abandonment of certain property to the mortgagee. Thereafter, the debtor moved to convert the case to one under Chapter 7. The automatic stay was modified in order to transfer title to the property and debtor's Chapter 7 discharge was thereafter granted. A judicial sale of the subject property was held on April 12, 1988, with the required hearing to confirm the sale set for April 25. On April 22, debtor filed a second bankruptcy petition. Chief Judge Bohanon dismissed the second petition, correctly concluding that where one bankruptcy case remains pending, "there cannot be a subsequent one effecting [sic] the same debt." *Smith* at 873.

As in *Smith*, Gerth still has pending before this Court his Chapter 11 case. His

subsequent Chapter 12 petition attempts to affect the same debts as did his previous case. To allow Gerth to proceed under two separate bankruptcy chapters circumvents the "well established notions of orderly administration of justice, the court's inherent right to protect its own jurisdiction, and the court's duty to preclude, where possible, an abuse of the bankruptcy laws." *In re Belmore*, 68 B.R. 889, 891 (Bkrtcy.N.D.Pa. 1987). *See also Prudential Insurance Co. v. Colony Square Co.*, 40 B.R. 603 (Bkrtcy. N.D.Ga.1984) and *In re Stahl, Asano, Shegetomi & Associates*, 7 B.R. 181 (Bkrtcy.D. Hi.1980).

*Fulks, supra,* also provides relevant insight into this inquiry. While *Fulks* deals with simultaneous cases under Chapters 7 and 13 of the Code, Judge Bayne's analysis is nevertheless persuasive:

> If these debtors are permitted to maintain their second petition while a prior case is pending, an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases pending at the same time.

*Fulks* at 276 citing *Smith*, supra.

Gerth's reliance on *In re Culbreth*, 87 B.R. 225 (Bkrtcy.M.D.Ga.1988) is misplaced. The debtor in *Culbreth* sought protection under Chapter 11 in 1984, confirmed a plan which was substantially consummated, and which resulted in the entry of a final decree in 1987. Less than a year after entry of the final decree, the debtor sought protection under Chapter 12. Objections to confirmation of the debtor's Chapter 12 plan, which argued that such relief was barred by Section 727 and that the debtor was in essence attempting to modify his substantially consummated Chapter 11 plan, were overruled and the debtor's Chapter 12 case was allowed to proceed.

*Culbreth* is distinguishable from this case. The debtor in *Culbreth* had received a final decree from the Bankruptcy Court, rendering such case closed. Here, no such decree has been issued, consequently, this Court retains jurisdiction over Gerth's Chapter 11 plan. The case thus remains open and no subsequent case can be filed under another chapter of the Bankruptcy Code. *See Hill* and *Smith*, supra.

The U.S. Trustee, relying on *In re Baker*, 736 F.2d 481 (8th Cir.1984), claims that this Court may not dismiss one bankruptcy petition simply because the debtor has another case pending under a different Chapter of the Code. *Baker* (which dealt with a Chapter 13 petition filed after the debtor had received a discharge under Chapter 7) relying on § 727(a)(8), held that there is no prohibition to filing under Chapter 13 within in six years after a discharge has been granted. This Court agrees with *Smith's* analysis of *Baker*, where Judge Bohanon states that *Baker* does not "stand for the proposition that a person may be a debtor in two cases pending at the same time." *Smith* at 873. This Court thus finds the holding in *Baker* to be inapposite. Accordingly, the motion to dismiss Gerth's Chapter 12 petition is granted.

This letter constitutes the Court's findings of fact and conclusions of law in this matter. This is a core proceeding under 28 U.S.C. § 157(b). The Court will enter an order dismissing the petition.