In re CASA LOMA
ASSOCIATES, Debtor.

CFC 78 PARTNERSHIP B, Movant,

v.

CASA LOMA ASSOCIATES,
Respondent.

Bankruptcy No. 90–04886.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 4, 1991.

C. Richard McQueen, Atlanta, Ga., for movant.

James Gilson, Atlanta, Ga., for respondent.

## CONTESTED MATTER

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court on the motion of CFC 78 Partnership B ("CFC") to dismiss, for relief from stay and to transfer venue. Hearing was held and the parties have filed post-hearing briefs. For the reasons set forth below, CFC's motion to dismiss is denied; the motion for relief from stay is denied without prejudice; and the motion to transfer venue is granted.

Debtor is a California limited partnership which owns a 234–unit apartment complex located at 1250 Brockett Road, Clarkston Georgia (the "Property"). The Property was purchased by Debtor from CFC in 1983. Debtor paid $3 million in cash and gave CFC a wraparound note and mortgage in the amount of $6.3 million, which

included an underlying first priority mortgage held by Seamen's Bank for Saving in the original principal amount of $3.345 million.

On July 1, 1986, Debtor filed a Chapter 11 petition in the Northern District of California (Casa Loma I). By order entered January 8, 1988, Debtor's plan was confirmed. The parties do not dispute that the plan in Casa Loma I has been substantially consummated.[1] In March, 1990, Debtor defaulted on the payments required under the new security documents executed pursuant to the plan in Casa Loma I. Debtor filed its second Chapter 11 petition, the above-styled case, April 6, 1990 ("Casa Loma II"). CFC filed the instant motion to dismiss May 10, 1990. Movant contends the above-styled case should be dismissed because it is an impermissible attempt by Debtor to modify the Casa Loma I plan in contravention of 11 U.S.C. § 1127(b).

Debtor opposes dismissal, arguing that § 1127(b) does not prohibit the filing of a second Chapter 11 case. Debtor alleges that, as a result of changed circumstances and its need to avail itself of the securities exemption in the Bankruptcy Code to raise new capital, the filing of a second Chapter 11 is appropriate and permissible. Debtor alleges that the filing of Casa Loma II was necessitated by the following changed circumstances:

(a) The economic marketplace surrounding the Property changed such that rental income remained constant rather than increased, as projected by Debtor in connection with the Casa Loma I plan.

(b) In order to maintain occupancy and cash flow, Debtor has been required to accept tenants of lower socio-economic background, which has resulted in increased vandalism, dispossessory actions and rental concessions, which in turn has resulted in increased operating expenses.

(c) After substantial consummation of the Casa Loma I plan, a federal law

---

**1.** Although a final decree has been entered in Casa Loma I, the case is still technically pending in California. The Eleventh Circuit has recognized that the concurrent pendency of two bankruptcy cases is permissible. *In re Saylors,* 869 F.2d 1434 (11th Cir.1989).

was enacted prohibiting discrimination against children as tenants. The Property, previously an all-adult apartment complex, suffered increased vacancies and increased operating expenses as a result of its admission of children.

(d) After substantial consummation of the Casa Loma I plan, Debtor discovered concealed and unanticipated fire damage to the Property which required substantial expenditures to repair.

(e) After substantial consummation of the Casa Loma I plan, Debtor discovered undisclosed and unanticipated structural defects in one of its buildings, which necessitated substantial expenditure to repair and resulted in temporary reduction in income.

Debtor contends the above-styled case was not filed in bad faith and that Debtor has an honest intent to reorganize and a reasonable prospect for successful reorganization. Thus, Debtor argues, as a result of the changed circumstances and its good faith efforts to reorganize, CFC's motion to dismiss should be denied. CFC, on the other hand, contends that, regardless of the reasons for the second filing or Debtor's prospects for reorganization, Casa Loma II will have the effect of modifying the substantially consummated plan in Casa Loma I, and thus constitutes a prohibited attempt to circumvent the strictures of 11 U.S.C. § 1127(b)

Section 1127(b) provides:

The proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan **and before substantial consummation of such plan,** but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

(Emphasis supplied.) Thus, pursuant to § 1127(b), because Debtor's plan in Casa Loma I was substantially consummated, Debtor could under no circumstances modify it.[2] The door to the courthouse via Casa Loma I is closed and locked. Therefore, Debtor was faced with two choices: submit to foreclosure by CFC or file a second Chapter 11.[3]

CFC appears to concede in its latest brief that a serial Chapter 11 filing[4] is not *per se* grounds for dismissal for cause pursuant to 11 U.S.C. § 1112. A paucity of cases which deal with serial filings exists and in those which do exist, the courts are split as to whether serial filings are *per se* grounds for dismissal.

▪ The only circuit case to address the issue of serial filings is *Fruehauf Corporation v. Jartran, Inc.,* 886 F.2d 859 (7th Cir.1989) ("*Jartran*"). *Jartran* involved a second Chapter 11 petition which was filed after it became apparent that Debtor would be unable to effectuate reorganization under a prior confirmed and substantially consummated plan. The second Chapter 11 was a liquidating plan and the Seventh Circuit placed much emphasis on the first plan having been a reorganization plan while the second plan was a liquidation plan. Much of the language in *Jartran,* however, is broad enough to stand for the proposition that a second Chapter 11 petition is permissible under the Code if filed in good faith.

Congress could easily have included repeat corporate debtors in [11 U.S.C. § 109]; its failure to do so indicates that corporate debtors are exempt from even the minimal constraints on serial filings imposed on other kinds of debtors.

---

**2.** It is noted that if Debtor had attempted to modify the Casa Loma I plan before substantial consummation, Debtor would have been required to show circumstances sufficient to warrant the modification.

**3.** The additional choice of private negotiations with CFC is omitted because any beneficial results for Debtor from private negotiations would be purely consensual.

**4.** Serial Chapter 11 filings are sometimes referred to as Chapter 22.

In the case of *In re Garsal Realty, Inc.*, 98 B.R. 140 (Bankr.N.D.N.Y.1989) (*Garsal*), the court discussed the standards under which a serial Chapter 11 filing would be permissible, without deciding the issue as to the debtor in that case.[5] As a preliminary matter, the *Garsal* court noted that most of the debts listed in the second petition were incurred after substantial consummation of the prior plan, including that of the major secured creditor. The court's subsequent discussion, however, of the standards for serial filings was broader than necessitated by the facts of the case.

The *Garsal* court recognized that a serial filing alone is not grounds for dismissal and that "a bona fide change in circumstances may justify a debtor's multiple filings." *Id.* at 150. Examples of such changed circumstances are increased debt load, unforeseen levels of tenant vacancy sparked by a drop in interest rates which encouraged home buyers, and the closing of a nearby company which had provided a tenant source. The court stated that the focus of the inquiry should be on the debtor's good faith, i.e. "whether or not there was a pattern or strategy behind the filings to frustrate statutory requirements and abuse the bankruptcy process." *Id.* The court declared a debtor would be required to show an honest intent and a real need and ability to effectuate a reorganization.

In the case of *In re Mandalay Shores Cooperative Housing Association*, 112 B.R. 440 (Bankr.M.D.Fla.1990), the court dismissed a third Chapter 11 case which had been filed after two previous Chapter 11 cases had been dismissed. The court relied upon the dismissal with prejudice of the debtor's second case. The court did not discuss whether serial filing might otherwise have been permissible.

In the case of *In re Culbreth*, 87 B.R. 225 (Bankr.M.D.Ga.1988), the court denied a motion to dismiss a Chapter 12 case which was filed after confirmation and substantial consummation of a plan in a prior Chapter 11 case. The court's discussion of whether dismissal of the Chapter 12 was required by § 1127(b), the court stated:

> Section 1127(b) concerns modifications after confirmation and before substantial consummation. Debtor's Chapter 11 plan was substantially consummated and a final decree was entered. Section 1127(b) is not applicable to·the issue before the Court.

In the case of *U.S. v. Shepherd Oil, Inc.*, 118 B.R. 741 (Bankr.D.Ariz.1990), the court was not required to rule whether serial Chapter 11 filings were permissible. The second Chapter 11 was commenced via an involuntary petition, to which the debtor subsequently consented, filed by the debtor's creditors when the debtor was unable to continue payments under the previous plan. The court recognized, however, relying on the broad language in *Jartran*, that serial Chapter 11 cases are permissible if filed in good faith.

CFC relies primarily upon *In re Northampton Corp.*, 39 B.R. 955 (Bankr.E.D. Penn.1984) (*"Northampton"*) and *In re AT of Maine, Inc.*, 56 B.R. 55 (Bankr.D. Maine, 1985) (*"AT of Maine"*). In *Northampton*, when the debtor was unable to make a $2 million payment to a secured creditor as required by the first plan, the debtor filed a second Chapter 11 case. In opposition to the creditor's motion to dismiss, the debtor alleged that the default had occurred because the creditor had interfered with the debtor's ability to refinance or develop the debtor's real property. After an opportunity for discovery, however, the debtor was unable to substantiate those allegations. The court held:

> The filing of a chapter 11 petition, with an eye toward curing defaults arising under a previously confirmed chapter 11 plan, is so akin to modifying the previous plan within the meaning of 1127(b) that we deemed the filing of a new chapter 11 petition an attempted modification under that section. 37 B.R. 113. Since such a modification may not be sought after substantial consummation of the plan,

---

5. The *Garsal* court held that Debtor's primary secured creditor was entitled to relief from the automatic stay of 11 U.S.C. § 362 on grounds other than the debtor's serial filing.

the debtor cannot effect that result by filing a new chapter 11 petition.

*Northampton,* 39 B.R. at 956. The ruling in *Northampton* appears to be limited to the facts of the case, although it might be interpreted as a *per se* holding that serial Chapter 11 petitions are not permitted.

The facts of the case of *AT of Maine* are unusual. The first Chapter 11 case involved two debtors: AT of Maine and its affiliate, American Trawler Corporation ("ATC"). The consolidated plan provided that certain assets and real property of ATC, which secured claims of two creditors, would be transferred to AT of Maine. Prior to that transfer, the two secured creditors of ATC were not creditors of AT of Maine. After substantial consummation of the first plan, a default occurred as to the two secured creditors and as to the unsecured creditors. AT of Maine then filed a second Chapter 11 case, proposing to liquidate the transferred properties, which were essentially its only assets, to satisfy the secured creditors. The court dismissed the second Chapter 11 petition, finding that the filing of the second Chapter 11 case had no justification other than to protect the beneficiary of the trust of which the debtor was an asset and, thus, was not filed in good faith.

Finally, in the case of *W.A. Krueger Company v. Sportpages Corp.,* 101 B.R. 528 (N.D.Ill.1989), the permissibility of serial Chapter 11 filings was not directly addressed. In that case, the debtor filed a second Chapter 11 to which no creditor objected. A substantial portion of the unsecured claim of Krueger, the debtor's major creditor, had been discharged in a prior substantially consummated Chapter 11 case. The debtor filed the second Chapter 11 case after it failed to pay the third of three installment payments to Krueger. Krueger filed a proof of claim for the original amount of the claim, less the two payments received under the prior plan. After objection to Krueger's claim by the creditors' committee, the court held the second Chapter 11 case did not resurrect its discharged claim and Krueger's claim was limited to the amount due under the prior plan. The court commented with little discussion and relying upon *Northampton* and *AT of Maine,* that "just cause existed to dismiss or convert Sportpages II" but the case was allowed to proceed to confirmation of a liquidation plan because Krueger did not object.

Neither *Northampton* nor *AT of Maine* contain a finding that the filing of a second Chapter 11 is *per se* grounds for dismissal. Under the facts in both *Northampton* and *AT of Maine,* in this circuit, the cases might have otherwise been dismissed as having been filed in bad faith pursuant to *Albany Partners, Ltd. v. Westbrook,* 749 F.2d 670 (11th Cir.1984) and *Phoenix Piccadilly, Ltd. v. Life Insurance Company of Virginia,* 849 F.2d 1393 (11th Cir.1988). In the instant case, apart from this case having been filed while a prior case with a substantially consummated plan is pending, no other factors exist which imply the above-styled case was filed in bad faith or that Debtor's second case is an abuse of the bankruptcy process.

Accordingly, the cases cited above which recognize that a serial filing of two Chapter 11 cases is permissible if the second case is filed in good faith and as a result of unforeseen changed circumstances are persuasive. The inclusion in the Bankruptcy Code of § 1127(b) appears to evidence the intent of Congress to accord a degree of finality to Chapter 11 plans which is not present in Chapter 13 plans. *See,* 11 U.S.C. § 1329. On the other hand, the failure of Congress to include in § 109 a prohibition against filing a second Chapter 11 petition evidences an intent not to close the courthouse doors to Chapter 11 debtors who, as a result of unanticipated changed circumstances, are unable to fully perform under a prior plan.

In the instant case, if Debtor relied merely on changed market conditions to support the second Chapter 11 filing, however, Debtor would have failed to show sufficiently changed circumstances to warrant a second filing. Debtor, however, has shown an unanticipated change in federal law and the discovery of fire damage and structural defects, which were unknown at

the time of substantial consummation of the plan in Casa Loma I, which substantially affected Debtor's ability to perform under the Casa Loma I plan. Additionally, other factors which would support dismissal of Debtor's petition as having been filed in bad faith have not been shown. Debtor appears to have a reasonable prospect of successful reorganization. Therefore, dismissal of Debtor's second Chapter 11 petition will be denied.

■ CFC also requested a transfer of venue of the above-styled case to California. The jurisdictional provisions of 28 U.S.C. § 1334 appear to determine the issue of venue. Section 1334(d) provides:

> The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

Section 1334(d) differs from §§ 1334(a) and (b) in that it refers to "the district court" as opposed to "the district courts." The failure to use the plural form in § 1334(d) has been found to have significance with respect to the exclusive jurisdiction of the particular district court in which a case is commenced or is pending. *Gabel v. Engra, Inc.*, 86 B.R. 890 (S.D.Tex.1988). *See also, Collier on Bankruptcy*, 15th edition, ¶ 3.01, p. 3–33. Therefore, the California bankruptcy court appears to have exclusive jurisdiction over the property of Debtor's estate. As a result, venue of the instant case should be properly transferred to the Northern District of California. In light of the transfer of venue and the early stage of the case, CFC's motion for relief from the automatic stay of 11 U.S.C. § 362 will be denied without prejudice. Accordingly it is hereby

ORDERED that CFC's motion to dismiss is denied. It is further

ORDERED that CFC's motion to transfer venue is granted. This case shall be transferred to the bankruptcy court for the Northern District of California. It is further

ORDERED that CFC's motion for relief from stay is denied without prejudice.

IT IS SO ORDERED.