In the Matter of Shirley C. HOUSLER aka Shirley C. Copenhaver, Debtor.

Henry Ray POPE, III, Esq. Trustee, Plaintiff,

v.

Shirley C. HOUSLER a/k/a Shirley C. Copenhaver, Defendant.

Bankruptcy No. 83–00176E.

United States District Court, W.D. Pennsylvania.

July 26, 1984.

Joseph E. Fieschko, Jr., Pittsburgh, Pa., for Shirley C. Housler.

Henry Ray Pope, III, Clarion, Pa., Trustee.

## MEMORANDUM

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge.

The within named debtor filed an earlier bankruptcy case on March 17, 1982 at No. 82–00147 in the within Court which is still pending therein. She was granted a discharge in said original case on September 22, 1982, but it was revoked by Order of this Court February 25, 1983 after a hearing in which she admitted in her testimony that she had concealed the existence of a mortgage she acquired during a former marriage when her name was Mrs. Shirley Copenhaver, not Housler in which name the first proceeding had been filed. After receiving and appropriating severly monthly payments on the mortgage after the filing of the proceedings she turned the mortgage over to her daughter, who also collected several monthly payments without disclosing the same or the assignment of the mortgage to her either to the trustee or the Court.

The mortgage was turned over to the trustee after the conclusion of the hearing and revocation of the discharge who col- lected the balance of some $12,000.00 thereunder when the premises subject thereto were sold. The Order revoking the previously granted discharge also denied the debtor a discharge because of the fraudulent concealment and transfer of the mortgage to her daughter.

The debtor filed the second bankruptcy petition pending before us in the instant case a few weeks after the date of the revocation and denial of a discharge in the first proceeding, and she listed substantially the same obligations in the instant petition from which she was denied a discharge in the first proceeding. The Motion of the trustee to dismiss the second proceeding alleges that the revocation and denial of the discharge in the first proceeding is res judicata of her ineligibility to be discharged from the same liabilities in the second.

It was held in *In re Hairston*, 3 B.R. 436 (Bcy.N.M.1980) that debts listed in a prior proceeding in which a discharge was granted and then revoked and denied because of the debtor's fraud were not dischargeable in a subsequently filed proceeding, and *In re Boissonnault*, 415 F.2d 1371 (1st Cir. 1969, Gignoux, J.) that claims held not dischargeable in a bankruptcy case are not dischargeable in a subsequently filed proceeding on the ground of res judicata. As said in *In re Francis P. Payton*, 5 B.C.D. 402 (E.D.Pa.1979, Goldhaber, J.)

"We construe the law to be crystal clear that, where a discharge in bankruptcy has been denied or a determination made that a particular debt is non-dischargeable, that issue is res judicata, and a bankrupt has lost his right to have that matter readjudicated in a subsequent bankruptcy proceeding."

It is accordingly recommended that the appended Order dismissing the within proceeding on the ground that the scheduled indebtednesses are substantially the same as those from which a release of liability was sought in the earlier case and that the order of the bankruptcy judge revoking the discharge of the debtor from said liabilities and denying her a discharge from said lia-

bilities is res judicata of the involved issues.

An appropriate Order will be recommended for approval of the United States District Court.

### ORDER

At Erie, in the Western District of Pennsylvania, this 25th day of July, 1984, IT IS ORDERED that the within bankruptcy case is terminated and dismissed without the granting of a discharge from the scheduled liabilities in the case for the reasons set forth in the foregoing Memorandum of William B. Washabaugh, Jr., United States Bankruptcy Consultant.

WILLSON, Senior District Judge.

The above Order is hereby adopted and confirmed on recommendation of William B. Washabaugh, Jr., United States Bankruptcy Consultant.