In the Matter of Daniel J. MOUNTCASTLE, Debtor.

**Bankruptcy No. 86–3801.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 22, 1986.

J.I. Rubaii, Clearwater, Fla., for debtor.

C.L. Turner, Tampa, Fla., for M.W. Forehand.

## ORDER ON MOTION TO DISMISS CHAPTER 13 CASE

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion to Dismiss Chapter 13 case filed by Margaret W. Forehand (Forehand), a creditor in the above-captioned case. The Court has considered the motion, together with the record, and is satisfied that the motion is not well taken, therefore, it should be denied.

Forehand's major contention is that the Debtor's Chapter 13 Petition was not filed in good faith. This contention is based on the following undisputed facts:

(1) Only two (2) unsecured creditors were originally reflected on the Debtor's schedules, and the Debtor apparently disputed both claims;

(2) While the Debtor filed an Amendment to the Chapter 13 schedules and listed six (6) additional unsecured creditors, this does not represent legitimate *bona fide* claims against the Debtor;

(3) The Debtor's primary unsecured creditor, Forehand, had previously commenced an action against the Debtor in the State of Georgia. This action was pending at the time the Chapter 13 Petition was filed, thus, this Chapter 13 case involves nothing more than a two-party dispute.

There is nothing in the Bankruptcy Code which requires a showing of good faith by a Debtor as a condition precedent to the Debtor's right to seek and obtain relief under any of the operating chapters of the Bankruptcy Code. Nevertheless, it is now well established that lack of good faith of a Debtor is "cause" which would warrant a dismissal of a Chapter 11 case pursuant to § 1112(b). *In re Victory Construction, Co., Inc.*, 9 B.R. 549 (Bankr.C.D.

Cal.1981). Equally, the concept of lack of good faith is an integral part of Chapter 13 by implication and an abuse of the provisions, purpose, or spirit of the Chapter is a basis to dismiss the case pursuant to § 1307. *In re Brian Setzer*, 47 B.R. 340 (Bankr.E.D.N.Y.1985).

■ Absence of any bona fide unsecured creditors is a factor in determining whether a Debtor is attempting to abuse the jurisdiction of the court by filing a Petition for Relief under this Section. *In re Victory Construction, supra.* Equally, filing a Chapter 13 Petition as a litigation tactic is not consistent with an honest intention on the Debtor's part to readjust his financial affairs. *In re Brian Setzer, supra.*

■ Considering the first two contentions of Forehand, in light of these general principles, it is clear that there is nothing in any section under Chapter 13 of the Bankruptcy Code which requires a showing by the Debtor of any specific number of unsecured creditors. The real test is are there any bona fide unsecured creditors whose claim the Debtor seeks to adjust, and if there is a genuine need and an ability to perform under the Plan. This does not mean, however, that if the Debtor has only one unsecured creditor whose claim is disputed contingent and unliquidated and a dispute has already proceeded to a nonbankruptcy forum, it is appropriate to abstain under § 301 and dismiss the Chapter 13 case. This is especially true if the basis of the controversy is nothing more than a two party dispute, one which is being litigated in a non-bankruptcy forum. *In re Mildevco*, 40 B.R. 191 (Bankr.S.D.Fla.1984); *In re American Property Corp.*, 44 B.R. 180 (Bankr.M.D.Fla.1984); *In re Port Richey Service Co.*, 44 B.R. 634 (Bankr.M.D. Fla.1984); *In re Landmark Capital Co.*, 27 B.R. 273 (Bankr.D.Ariz.1983).

In the present instance, while the Debtor originally scheduled only two unsecured creditors, by an amendment the Debtor scheduled six additional unsecured creditors. It is contended by Forehand that none of these are legitimate creditors and there is nothing in this record to substantiate this claim. Thus, while it is without dispute that Forehand filed a suit against the Debtor prior to the commencement of this Chapter 13 case, contrary to the contention of Forehand, this is in fact not a classic two party dispute.

■ There is nothing in this record which would warrant the finding that this Debtor does not have legitimate unsecured creditors, neither is there anything in this record which would justify the conclusion that this Debtor does not have the need and an ability to adjust his debts pursuant to the provisions of Chapter 13. *In re Brian Setzer, supra.*

This being the case, Forehand's Motion to Dismiss this Chapter 13 Case for lack of good faith is not well taken; therefore, it cannot be granted at this time.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss Chapter 13 Case be, and the same is hereby, denied without prejudice.