**In re Donald FULKS, and Polly Fulks, Debtors.**

**Bankruptcy No. 88–2095–8B3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 10, 1988.

Joel Treuhaft, Tampa, Fla., for debtor.

Chris C. Larimore, Bradenton, Fla., Trustee.

Lisa M. Castellano, Tampa, Fla., for FDIC.

## ORDER ON MOTION TO DISMISS

THOMAS E. BAYNES, Jr.,
Bankruptcy Judge.

THIS CAUSE came on for consideration upon the Motion to Dismiss filed by the Federal Deposit Insurance Corporation (FDIC). The Court reviewed the Motion, the record, and heard argument of counsel on August 11, 1988, and finds as follows:

In 1983, the Debtors, Donald Fulks and Polly Fulks, filed for relief under Chapter 13 of the Bankruptcy Code, Case No. 83–2604. The case was converted from Chapter 13 to Chapter 7. Prior to the granting of the Chapter 7 discharge, in 1985 FDIC filed an adversary proceeding, Adversary No. 85–341, seeking to determine the non-dischargeability of a debt owed by the Debtors to the FDIC. Subsequently, on March 14, 1988, Hon. Alexander L. Paskay, Chief Bankruptcy Judge, entered a final judgment determining the debt in the amount of $16,992.57 owed by the Debtors to the FDIC to be nondischargeable by virtue of 11 U.S.C. § 523(a)(6).

On April 13, 1988, the Debtors filed the above-captioned Chapter 13 case. At the time of filing, the previously filed Chapter 7 case was still open and still remains open at this time. The discharge of the Debtors, however, had been entered. On June 21, 1988, the FDIC filed a Motion to Dismiss the Chapter 13 case based on the Debtors' alleged lack of good faith in filing.

■ The FDIC contends the Debtors have evidenced a lack of good faith by filing this Chapter 13 case while the Debtors' previously filed Chapter 7 case is still pending. In opposition, the Debtors argue a Chapter 13 petition may be filed during the pendency of a previously filed Chapter 7 case as long as the Chapter 7 discharge has been granted. After a review of other courts' opinions considering this issue, it is apparent the Debtors' position is in the minority.

A debtor may not simultaneously maintain a Chapter 7 case and a Chapter 13 case prior to the Chapter 7 discharge. *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925); *Associates Financial Services Corp. v. Cowen (In re Cowen)*, 29 B.R. 888 (Bankr.S.D.Ohio 1983).

> The filing of two simultaneous petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' financial affairs by administration of a debtor's property as a single estate under a single Chapter within the Code. 11 U.S.C. §§ 103, 301, 302 and 303. The Bankruptcy Code provides different discharge remedies in different Chapters, and such remedies are intended to be exclusive for each estate. 11 U.S.C. §§ 103, 301, 523, 727 and 1328.

*Id.* at 894.

The Debtors in this case cite *In re Tauscher*, 26 B.R. 99 (Bankr.E.D.Wis.1982) for the proposition that after a Chapter 7 discharge has been entered but before the closing of the case, a debtor may file a Chapter 13 petition. In *Tauscher*, the bankruptcy court reasoned that since the two simultaneously pending cases presented no conflict in the administration of assets, there is no legal or practical reason to bar the debtor from maintaining the cases simultaneously. The Court reasoned after the Chapter 7 discharge, the debtor is no longer involved in the case. Further, the Chapter 7 bankruptcy estate is totally distinct and separate from the Chapter 13 estate. *See also, In re Bumpass*, 28 B.R. 597 (Bankr.S.D.N.Y.1983).

■ This Court is of the opinion a debtor may not maintain a bankruptcy case and obtain a discharge while another bankrupt-

cy case is pending. *See, Appleton v. Belmore (In re Belmore)*, 68 B.R. 889 (Bankr. M.D.Pa.1987).

> If these debtors are permitted to maintain their second petition while a prior case is pending, an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases pending at the same time.

*In re Smith*, 85 B.R. 872 (Bankr.W.D.Okla. 1988). Since the Chapter 7 case remains open, this Chapter 13 case must therefore be dismissed.

■ It is possible the Debtors may maintain a bankruptcy case after the pending Chapter 7 case is closed. Of course, the determination of nondischargeability of the debt owed to the FDIC will be res judicata as to any attempt to discharge the same debt in a subsequent Chapter 7 case. *Pope, III v. Housler (Matter of Housler)*, 41 B.R. 455 (W.D.Pa.1984). The determination under Section 523 may not, however, be res judicata as to the same debt treated under a Chapter 13 plan, *In re Nickerson*, 40 B.R. 693 (Bankr.N.D.Tex.1984), because the scope of the Chapter 13 discharge is much broader than that of the Chapter 7 discharge. 11 U.S.C. §§ 523(a), 727, 1328. The Bankruptcy Code invites eligible individuals to discharge under Chapter 13 many debts that would be nondischargeable in Chapter 7. *Nelson v. Easley (In re Easley)*, 72 B.R. 948, 951 (Bankr.M.D.Tenn. 1987); *see also, Commonwealth of Pennsylvania Dept. of Public Welfare v. Johnson–Allen (In re Johnson–Allen)*, 69 B.R. 461 (Bankr.E.D.Pa.1987). If Congress intended to render debtors ineligible for Chapter 13 relief or ineligible to confirm a plan where claims are or might be nondischargeable in a Chapter 7 case, then Congress would have specially established such ineligibility in the Bankruptcy Code. *Easley, supra* at 951.

■ Aside from the simultaneous filings, movant contends the Debtors filed in bad faith because the purpose of the Chapter 13 filing is to delay payment of those nondischargeable debts that survived the previous Chapter 7 case. If the Debtors choose to refile the Chapter 13 case after the Chapter 7 case is closed, this contention alone will be insufficient for a finding of a lack of good faith in filing. The debtor cannot be faulted for taking advantage or making use of the available statutory provisions. *In re Makarchuk*, 76 B.R. 919 (Bankr.N.D.N.Y.1987) (citing *Matter of Lambert*, 10 B.R. 223, 226 (Bankr.E.D.N.Y. 1981); *In re McMonagle*, 30 B.R. 899, 904 (Bankr.S.D.1983).

■ Title 11 U.S.C. § 1307(c) is the only statutory basis by which a creditor may seek dismissal of a Chapter 13 case. The Section authorizes dismissal "for cause." While nothing in the Bankruptcy Code requires a showing of good faith by a debtor as a condition precedent to the debtor's right to seek and obtain relief under any of the operating chapters of the Bankruptcy Code, it is now well established that the lack of good faith is "cause" for dismissal pursuant to § 1307. *In the Matter of Mountcastle*, 68 B.R. 305 (Bankr.M.D.Fla. 1986). The test for the lack of good faith in filing a Chapter 13 petition is (1) a lack of any bona fide unsecured creditors whose claims the Debtor seeks to adjust; and, (2) the absence of a genuine need and ability to perform under the Plan. *Mountcastle, supra*, at 307. This is to be distinguished from the good faith requirement in proposing a Chapter 13 plan. *See Fidelity and Casualty Company of New York v. Warren (In re Warren)*, 89 B.R. 87 (Bankr. 9th Cir.1988); *Kitchens v. Georgia Railroad Bank and Trust Co. (In re Kitchens)*, 702 F.2d 885 (11th Cir.1983) (per curiam).

In accordance with the foregoing, it is hereby ORDERED, ADJUDGED AND DECREED the Motion to Dismiss filed by the FDIC be, and the same is hereby, granted.

DONE AND ORDERED.