**In re Catherine ROSS, Debtor.**

**Bankruptcy No. 2–88–04705.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Dec. 13, 1988.

Christopher M. Cooper, Columbus, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

Marvin C. Miller, Columbus, Ohio, for GMAC Mortg.

## OPINION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of a Chapter 13 plan proposed by debtor Catherine Ross, and upon this Court's independent obligation to find that all tests for confirmation have been met.

The plan proposed by this debtor calls for payments of $805.00 each month and full repayment of all allowed claims. Although the debtor characterizes this as a 100% repayment plan, for reasons set forth below, the Court determines that such characterization is incorrect, or at best, misleading.

The debtor is not a stranger to this Court or to the bankruptcy remedy. In 1980 she had a Chapter 7 bankruptcy case. In 1986 she was a debtor in a Chapter 13 case. On December 18, 1987 that Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code, and on August 31, 1988, the debtor received a discharge of all her dischargeable debts. This case was filed a few days prior to the closing of that Chapter 7 case.

Review of the schedules in the debtor's previous Chapter 7 proceeding reveals that significant personal unsecured liabilities of the debtor were discharged by that filing. The obligations scheduled to be repaid by this proposed Chapter 13 plan are the mortgage on the debtor's residence, which was scheduled in the preceding Chapter 7 case, and an obligation for a 1984 Cadillac automobile.

The legal issue before the Court is the appropriateness of confirming a Chapter 13 plan, the primary purpose of which is to repay an obligation secured by a lien which was not discharged in a relatively recent preceding Chapter 7 case. Examination of

such proposed plan must focus on its conformity to the spirit and purpose, of not only Chapter 13, but also of Title 11 in its entirety.

The Court finds that evaluation of such plans must be on a case-by-case basis. The provisions of the Bankruptcy Code do not explicitly prohibit such filings in that no time period is prescribed within which a Chapter 13 discharge is prohibited for obligations previously scheduled, but not discharged, in a Chapter 7 case. See generally 11 U.S.C. § 727(a)(8) and (a)(9), § 523(a)(10) and § 1328(a). The absence of explicit prohibition does not end the inquiry, however.

This Court believes that remedies under the Bankruptcy Code are designed in the alternative. Debtors are given a choice of either a reorganizational process, which preserves the going concern value of assets, or liquidation by a trustee. Specifically, depending upon their legal status and the total amount of their obligations, debtors may seek to reorganize under Chapters 11, 12 or 13 of the Bankruptcy Code. The provisions of those chapters generally permit debtors to retain assets, to restructure most secured debts, and to repay obligations over an extended period of time. In return for those powers and rights, it is expected that the debtors' reorganization plans will attempt to preserve interests and offer at least partial repayment of all obligations, including unsecured debts. Such plans must also deal fairly with all creditors. As an impetus to the payment of debts, completion of a Chapter 13 plan entitles debtors to a broader discharge than is possible in a Chapter 7 liquidation.

On the other hand, Chapter 7 is the remedy available for debtors who either are unable or unwilling to repay their obligations. That choice involves surrender to a trustee for liquidation all assets in which non-exempt equity is present. That liquidation often realizes a value for creditors closer to that of a "forced-sale". Retention by debtors of liened assets in which there is no value for the bankruptcy estate requires either lump sum payments or a consensual arrangement with creditors holding liens against such property. In addition, certain types of obligations are not discharged in a Chapter 7 proceeding. See 11 U.S.C. § 523(a).

The Court believes that debtors must choose their remedy carefully and must then expect to shoulder the burdens as well as the benefits of the particular remedy selected. While the Court is unwilling to hold categorically that circumstances cannot exist which would make a Chapter 13 appropriate soon after a Chapter 7 discharge has been granted, confirmation of a plan under those circumstances will depend upon the nature of the obligations proposed to be treated in the Chapter 13, the length of time between the filings, and the forseeability of the circumstances which arose after the Chapter 7 which prompted the Chapter 13 filing. In this regard, the two petitions must be considered together and the functional effect, or the percentage of repayment, based upon the treatment of creditors as if the two cases were one. *In re Sardella*, 8 B.R. 401 (Bankr.S.D.Ohio, 1981).

The Court is confident that Congress never intended debtors to use Chapter 7 to eliminate their legal obligations to unsecured creditors and then immediately or soon thereafter use the Chapter 13 remedy either to accomplish a nonconsensual redemption of their liened assets over time or to extend the repayment period for obligations not discharged in the Chapter 7. Given the legislative history of the differences preserved by the various chapter remedies, such intent would have to be explicitly sanctioned by the statute or required by controlling case law before being accepted by this Court.

The Court finds that compliance with the spirit and purpose of the Bankruptcy Code and good faith treatment of creditors under the provisions of Chapter 13 require a meaningful attempt to repay all creditors to the best of the debtor's abilities. This debtor's plan, which proposes payment primarily of an obligation secured by a lien which was not discharged in her recent prior Chapter 7 case, does not meet this test. The fact that a vehicle obligation is

also included as a debt to be repaid does not change this result.

Based on the foregoing, confirmation of the Chapter 13 plan proposed by Catherine Ross shall be, and the same is, hereby DENIED for failure to meet the tests for confirmation set forth in 11 U.S.C. §§ 1325(a)(1) and (a)(3). Because this debtor is ineligible to pursue any meaningful remedy by conversion of this case to one under Chapter 7, this case is also DISMISSED.

IT IS SO ORDERED.