**In re John/Emily STROHSCHER, Debtors,**

**No. 02–31340.**

United States Bankruptcy Court, N.D. Ohio.

May 1, 2002.

Ericka S Parker, Toledo, OH, for debtors.

### DECISION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Debtors' Brief in Support of their Motion to Allow a Chapter 13 Plan. The sole issue raised therein is whether the Debtors are entitled to proceed with their Chapter 13 case when a preceding Chapter 7 case filed by the Debtors still remains open. The facts relevant to this issue are briefly as follows:

On November 20, 2000, the Debtors filed a petition in this Court for relief under Chapter 7 of the United States Bankrupt-cy Code. Thereafter, on March 27, 2001, the Court, in accordance with 11 U.S.C. § 727(a), issued an order of discharge. As of this date, however, this case still remains open for administrative purposes.

Prior to receiving their Chapter 7 discharge, the Debtors reaffirmed on a second mortgage secured against their residence. The Debtors, however, were unable to reaffirm on a first mortgage held by the Citizens Savings Bank. As a result, when the automatic stay in the Debtors' Chapter 7 case was lifted, Citizens Savings Bank proceeded to institute a foreclosure action against the Debtors' residence. This proceeding, however, was again stayed when the Debtors, on March 7, 2002, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code.

### LEGAL DISCUSSION

The limited issue presented to the Court in this case is whether a debtor may proceed with a Chapter 13 case despite the fact that they have a prior Chapter 7 case still pending. As such a determination clearly involves the adjustment of the debtor-creditor relationship, this is a core proceeding over which this Court has the jurisdictional authority to enter a final order. 28 U.S.C. § 157(b)(2)(O).

The provisions of 11 U.S.C. § 109, which set forth who may be a debtor in both a Chapter 7 and a Chapter 13 bankruptcy case, contain no actual prohibition against a debtor maintaining two simultaneous bankruptcy cases. *In re Cowan,* 235 B.R. 912, 915–16 (Bankr.W.D.Mo.1999). Similarly, nowhere else in the Bankruptcy Code is it set forth that a debtor is prohibited from maintaining two simultaneous bankruptcy cases. Based upon the lack of any such statutory prohibition, many courts have permitted a debtor to maintain

two simultaneous bankruptcy cases. *See In re Cowan,* 235 B.R. 912 (Bankr. W.D.Mo.1999); *Transamerica Credit Corp. v. Bullock (In re Bullock),* 206 B.R. 389 (Bankr.E.D.Va.1997); *In re Kosenka,* 104 B.R. 40 (Bankr.N.D.Ind.1989); *Helbock v. Strause (In re Strause),* 97 B.R. 22 (Bankr.S.D.Cal.1989). In doing so, these courts simply concentrate on whether the debtor's subsequent bankruptcy case was filed in good faith. *In re Cowan,* 235 B.R. at 918. Further lending support to this position is Bankruptcy Rule 1015 which contemplates that a debtor may maintain, at the same time, multiple bankruptcy cases. The specific language of this rule provides:

> (a) Cases Involving Same Debtor. If two or more petitions are pending in the same court by or against the same debtor, the court may order consolidation of the cases.

There does, however, exist a sizable body of case law which, despite the lack of any statutory prohibitions against a debtor maintaining two simultaneous bankruptcy cases, holds that such a course of action is absolutely prohibited. *See In re Standfield,* 152 B.R. 528 (Bankr.N.D.Ill.1993). *In re Keen,* 121 B.R. 513 (Bankr.W.D.Ky. 1990); *In re Bodine,* 113 B.R. 134 (Bankr. W.D.N.Y.1990); *In re Jackson,* 108 B.R. 251 (Bankr.E.D.Cal.1989); *In re Fulks,* 93 B.R. 274 (Bankr.M.D.Fla.1988); *In re Smith,* 85 B.R. 872 (Bankr.W.D.Okla.1988). These cases rely primarily on the Supreme Court's decision in *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925).

In *Atkins,* the debtor filed a voluntary petition for relief in the year 1915 and applied for a discharge within the statutory time limit. The bankruptcy referee then submitted his recommendation to the clerk of the district court advising that the application be denied; however, for some reason, the referee's recommendation was never acted upon and the case was never closed. Thereafter, in the year 1922, the debtor again filed a voluntary bankruptcy petition which listed both those debts incurred since the filing of the first petition as well as those debts identified in the first petition. The referee on this petition recommended that a discharge be granted with respect to all of the debts set forth in the petition. The district court, however, on its own initiative, took judicial notice of the pendency of the former bankruptcy application for discharge (which had never been adjudicated), and denied the debtor's discharge with respect to those debts contained in the first petition. The Supreme Court of the United States later affirmed. In doing so, the Supreme Court made the following statement which has been subsequently relied upon by many courts to hold that a debtor may not maintain two simultaneous bankruptcy cases:

> A proceeding in bankruptcy has the characteristics of a suit, and since the denial of a discharge, or failure to apply for it, in a former proceeding, is available as a bar, by analogy the pendency of a prior application for discharge is available in abatement as in the nature of a prior suit pending, in accordance with the general rule that the law will not tolerate two suits at the same time for the same cause.

*Id.* at 123, 46 S.Ct. at 41–42.

With respect to the above language, the Court agrees that, standing alone, such a holding would seem to support the position that a debtor may not maintain two simultaneous bankruptcy cases. Nevertheless, when viewed as whole, the actual holding and circumstances present in the *Atkins* decision do not support such a position. Instead, in complete contradiction to the per se rule against simultaneous filings, the Supreme Court in *Atkins* specifically

permitted the debtor to discharge those debts listed in the second case that were not listed in the first bankruptcy case. In doing so the Supreme Court stated:

> [T]the pendency of the first application precluded a consideration of the second in respect of the same debts.... A proceeding in bankruptcy has for one of its objects the discharge of the bankrupt from his debts. In voluntary proceedings, as both of these were, that is the primary object. Denial of a discharge from the debts provable, or failure to apply for it within the statutory time, bars an application under a second proceeding for discharge from the same debts.

*Id.* at 122–23, 46 S.Ct. at 41. However, even more important, the facts of *Atkins* plainly show that the Supreme Court dismissed neither the debtor's second petition nor his second application for discharge. Thus, as other courts have pointed out, the *Atkins* decision never held, on its facts, that a debtor could not maintain two simultaneous bankruptcy petitions. *See, e.g., In re Strause* 97 B.R. at 29; *In re Tauscher*, 26 B.R. 99, 101 (Bankr.E.D.Wis.1982); *In re Studio Five Clothing Stores, Inc.*, 192 B.R. 998, 1003 (Bankr.C.D.Cal.1996). Rather, as the court in *In re Bullock* stated: "At most, *Atkins* could be interpreted as stating that two cases which seek to discharge the same debt cannot be pending simultaneously ...." 206 B.R. at 393.

The *Atkins* decision, however, is not the only basis upon which courts have relied upon to prevent a debtor from maintaining two simultaneous bankruptcy cases. Instead, some courts have prohibited a debtor from maintaining two simultaneous bankruptcy cases out of a concern for abuse. *In re Fulks*, 93 B.R. 274, 275–76 (Bankr.M.D.Fla.1988); *In re Bodine*, 113 B.R. 134, 135 (Bankr.W.D.N.Y.1990). As was explained in *In re Smith:*

> If these debtors are permitted to maintain their second petition while a prior case is pending, an easy avenue for abuse of the bankruptcy system would be sanctioned. It is conceivable that debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking. There is simply no rule of law which would allow debtors to have two cases

85 B.R. 872, 874 (Bankr.W.D.Okla.1988).

Abuse of the bankruptcy process, of course, is always of an upmost concern to this Court. This concern is especially acute in a situation such as this where a debtor has engaged in a second filing. In this regard, it has always been the policy of this Court to closely scrutinize any debtor who, as is the situation here, files what is euphemistically known as a Chapter 20 case—i.e., a Chapter 13 case filed shortly after a Chapter 7 case. However, given the scrutiny to which this Court subjects multiple cases filed by the same debtor, it is difficult for this Court to surmise how, as set forth above in *In re Smith*, that the potential for abuse is any greater with respect to a debtor who has two pending bankruptcy cases as compared to a debtor who files a subsequent bankruptcy case immediately after his previous bankruptcy case is closed. In fact, given that bankruptcy cases are opened for varied lengths of time, it would seem particularly inequitable to hold that a debtor is abusing the bankruptcy process solely on the basis that he or she still has a case pending for reasons not within their control.

Along this same line, this Court observes that when a debtor files additional bankruptcy cases, those safeguards which exist to prevent a debtor from abusing the bankruptcy system are still equally applicable regardless of whether or not the debtor's previous case is still pending. For example, under 11 U.S.C. § 109(g) a

debtor, who commits certain transgressions, may be enjoined from filing a bankruptcy case for up to 180 days. In addition, under 11 U.S.C. § 1307(c) a bankruptcy court may, for a variety of causes, dismiss the debtor's Chapter 13 case. Furthermore, and of upmost importance, a debtor can only have a Chapter 13 plan approved by the Court if it was proposed in good faith. In this regard, this Court's position, as it applies to an individual debtor who files in quick successive order both a Chapter 7 case and a Chapter 13 case, was very well encapsulated by Judge Sellers in *In re Ross*, wherein it was stated:

the Court is unwilling to hold categorically that circumstances cannot exist which would make a Chapter 13 appropriate soon after a Chapter 7 discharge has been granted, *confirmation of a plan under those circumstances* will depend upon the nature of the obligations proposed to be treated in the Chapter 13, the length of time between the filings, and the foreseeability of the circumstances which arose after the Chapter 7 which prompted the Chapter 13 filing. In this regard, the two petitions must be considered together and the functional effect, or the percentage of repayment, based upon the treatment of creditors as if the two cases were one.

95 B.R. 509, 510 (Bankr.S.D.Ohio 1988) (internal citation omitted) (emphasis added).

Thus, based upon the above analysis, it is apparent that inherent difficulties exist in those arguments put forth by the courts which have adopted a per se rule against a debtor maintaining two simultaneous bankruptcy cases. As such, this Court agrees with those cases which have declined to adopt a per se rule against a debtor who, before the first bankruptcy case is closed, files for relief under another Chapter of the United States Bankruptcy Code. With respect to this determination, however, one additional point needs to be made.

■ Many courts, although permitting a debtor to maintain two simultaneous bankruptcy cases, have done so only if a discharge has been granted in the first case. The basis for this rests, in large part, on what is known as the single estate rule which was explained as follows:

The filing of two simultaneous bankruptcy petitions is contrary to the obvious contemplated function of the Bankruptcy Code to resolve debtors' affairs by administration of a debtor's property as a single estate under a single Chapter within the Code. The Bankruptcy Code provides different discharge remedies in different Chapters, and such remedies are intended to be exclusive of each estate.

*Associates Fin. Servs. Corp. v. Cowen*, 29 B.R. 888, 894 (Bankr.S.D.Ohio 1983). The inherent weakness with this rule, however, was pointed out by the bankruptcy court in *In re Studio Five Clothing Stores, Inc.*, where it explained that a "discharge in the first case would not have any bearing on the single estate problem, because obtaining a discharge or a denial thereof is not the event that dissolves the bankruptcy estate. The bankruptcy estate continues to exist in a Chapter 7 case until a Chapter 7 case is closed (See 11 U.S.C. 554(c)) or dismissed (11 U.S.C. 349(b)(3))." 192 B.R. at 1006. As a result, this Court declines to follow the single estate principle as it relates to the requirement that two simultaneous bankruptcy cases may only be pending for the sole reason that the debtor has received a discharge in the first bankruptcy case. Nevertheless, as a debtor, prior to receiving his discharge in a Chapter 7 case, has an absolute right to convert to a

Chapter 13 case,[1] it is difficult for this Court to conceive of any legitimate reason as to why a debtor would, prior to receiving a discharge, need to file a subsequent bankruptcy case. Therefore, the underlying principle that a debtor may only file a subsequent bankruptcy case after first receiving a discharge will be applied by the Court, unless the debtor can demonstrate exceptional and unique circumstances which would necessitate the granting of extraordinary relief.[2]

Also with respect to the single estate rule, it is noted by the Court that such a rule is not violated by the fact that a debtor has two simultaneous cases pending. This is because upon a debtor filing a Chapter 7 case, all of his or her property becomes included within an estate which is then administered by a Chapter 7 trustee. However, until such property is no longer included within the Chapter 7 bankruptcy estate,—i.e., by way of an allowable exemption or by way of abandonment—the debtor retains no interest in such property which could be conveyed to the bankruptcy estate of any subsequent case. As a result, any debtor who has two pending cases will also have two separate estates to administer.

In summation, given the lack of any statutory prohibition against a debtor maintaining two simultaneous bankruptcy cases, together with Bankruptcy Rule 1015 which specifically contemplates a debtor maintaining more than one bankruptcy case, this Court declines to adopt a per se rule against such an act. However, this Court, as it does with all debtors who file in a short period of time more than one bankruptcy case, will closely scrutinize the subsequent case so as to ensure that the

debtor is not abusing the bankruptcy process. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Clerk, United States Bankruptcy Court, permit the Debtors, John Strohscher and Emily Strohscher, to maintain their Chapter 13 bankruptcy case.

when a debtor's discharge was unduly delayed as the result of an error on the part of the clerk of courts.

---

1. 11 U.S.C. § 706(a).

2. For example, in *Helbock v. Strause (In re Strause)*, 97 B.R. 22 (Bankr.S.D.Cal.1989), the court found that such a circumstance existed