**In the Matter of Michael Sheldon TEAL, Debtor.**

No. 02–20772.

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

June 23, 2003.

R. Flau Cabiness, Brunswick, GA, for Plaintiff.

James L. Drake, Savannah, GA, for Defendant.

### ORDER ON MOTION TO TRANSFER CASE

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Michael Sheldon Teal ("Debtor") is a debtor in two pending bankruptcy cases.

He first filed a Chapter 7 case in this Court. After receiving his general discharge in that case, but while that case was still pending, Debtor filed a Chapter 13 case in the Southern District of Florida ("the Florida case"). The First Bank of Brunswick ("Bank") requests that this Court, under authority of Federal Rule of Bankruptcy Procedure 1014(b), issue an Order transferring the Florida case to this Court.

### BACKGROUND

Debtor owned and operated a nightclub and a Kentucky Fried Chicken restaurant on Saint Simons Island on the southeastern Georgia coast. On June 6, 2002, Debtor filed a Chapter 7 bankruptcy case in this Court and listed Bank as a creditor. At filing, Debtor was in possession of $21,682.00 in cash ("the Cash")[1] in which Bank claims to hold valid and perfected security interests. Asserting lack of adequate protection and failure to make payments, Bank moved to modify the automatic stay for the purpose of authorizing Bank to take possession of the Cash. On August 12, 2002, this Court granted that relief, after which Debtor refused to surrender the Cash to Bank and, instead, allegedly converted the Cash for his own use.

Asserting that Debtor's actions in converting the Cash are grounds for nondischargeability under 11 U.S.C. §§ 523(a)(4) and 523(a)(6), Bank filed a complaint to determine dischargeability of a debt ("the Adversary Proceeding"). Debtor timely filed an answer, alleging facts in explanation and praying for dismissal of the complaint. On November 15, 2002, with the Adversary Proceeding pending, this Court issued a general Discharge of Debtor.

On December 5, 2002, this Court conducted a conference pursuant to Federal Rule of Bankruptcy Procedure 7016 and established a discovery deadline of February 5, 2003 in the Adversary Proceeding. After conferring with Debtor's counsel, Bank scheduled and properly noticed a deposition of Debtor for January 31, 2003. Debtor failed to attend the deposition. At a second Rule 7016 conference, this Court extended the discovery deadline to March 30, 2003. Bank rescheduled the deposition of Debtor for March 18, 2003, and again Debtor failed to attend the deposition.

In the meanwhile, on or about March 13, 2003, Debtor, who had since become employed at a Taco Bell near Miami and had moved to southern Florida, filed the Florida case. On March 24, 2003, Bank filed its motion to transfer the Florida case to this District. Debtor, through counsel, presented arguments in opposition to the transfer at a hearing held on May 7, 2003.

This matter is a core proceeding arising under title 11 in which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(1) in conjunction with the standing Order of reference of the District Court for the Southern District of Georgia made under authority of 28 U.S.C. §§ 1334 and 157(a). Having considered written and oral arguments of counsel and available authority, I conclude that under the circumstances of this case, the Florida case should proceed in this Court.

### DISCUSSION

With respect to bankruptcy petitions involving the same debtor that have been filed in different courts by that debtor, Bankruptcy Rule 1014 provides in pertinent part:

---

**1.** Pursuant to O.C.G.A. § 18–4–20, Debtor claimed an exemption of $5,600.00. (Debtor's Scheds. B, C).

If petitions commencing cases under the Code are filed in different districts by ... the same debtor ..., on motion filed in the district in which the petition filed first is pending and after hearing ..., the court may determine, *in the interest of justice or for the convenience of the parties,* the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

Fed. R. Bankr.P. 1014(b) (emphasis added). This Court, as the court in which Debtor's first petition was filed, is the proper court to determine where Debtor's cases are to proceed. The inquiry is whether transferring the Florida case to this District is (1) in the interests of justice or (2) for the convenience of parties.

"The 'interest of justice' is a broad and flexible standard which contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness and fairness," *In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey,* 149 B.R. 365, 368 (Bankr.S.D.N.Y.1993). With respect to "the convenience of the parties," courts have considered the following non-exclusive list of factors: (1) proximity of creditors to the court; (2) proximity of the debtor to the court; (3) proximity of witnesses necessary to the administration of the estate; (4) the location of debtor's assets; and (5) the ability to conduct an economical and efficient administration of the estate in the forum. *See, e.g., Commonwealth of Puerto Rico v. Commonwealth Oil Ref. Co. (In re Commonwealth Oil Ref. Co.),* 596 F.2d 1239, 1247 (5th Cir.1979) (addressing predecessor of Rule 1014(a)); *In re Portjeff Dev. Corp.,* 118 B.R. 184, 193 (Bankr.E.D.N.Y.1990) (noting that said factors are those "most commonly mentioned" by courts).

There is no doubt that the Southern District of Georgia is a more convenient venue for deciding the issues in the Adversary Proceeding. The Chapter 7 case was filed in the Brunswick, Georgia, division of this District, which is located in Glynn County, Georgia. Bank is located in Glynn County, Debtor incurred the original debt to Bank in Glynn County, and the alleged actions of Debtor that allegedly gave rise to Bank's nondischargeability complaint occurred in Glynn County; thus, it appears that the witnesses to Debtor's actions are also in Glynn County, Georgia. Only Debtor is inconvenienced by having to return from his new Florida home to Glynn County for proceedings related to the Adversary Proceeding. Since Debtor commenced the Chapter 7 case in which that proceeding was filed, however, Debtor's inconvenience is not a primary concern.

As for the Florida case, the majority of the affected entities are located either more convenient to Brunswick, Georgia, or equally convenient to both locations. Creditors residing in Georgia and listed by Debtor in the Florida case are the Georgia Department of Revenue, the Georgia Sales and Use Tax Division, and The First Bank of Brunswick. Those creditors are more convenient to the courthouse in Brunswick. The only creditor residing in a state other than Georgia or Florida is the GMAC Center in Charlotte, North Carolina, which city is also closer to Brunswick, Georgia, than to the southern Florida location. The IRS is also a creditor which, arguably, has equally convenient access to both courthouses. The sole creditor with an apparently exclusive residence in Florida is one Bernard Haldane of Jacksonville, Florida, which city is physically closer to the feder-

al courthouse in Brunswick, Georgia, than it is to the courthouse located in the Southern District of Florida.

In summary, it is clear that: (1) most of the creditors listed in the Florida case are national lenders and government taxing authorities that will not be harmed or prejudiced by the transfer of the Florida case to this District; (2) out-of-state creditors are located more conveniently to Brunswick, Georgia, than to south Florida; and (3) the address of the sole "local" Florida creditor is within a one-to-two hour drive of this Court's Brunswick, Georgia, courthouse. I find, therefore, that the location of the creditors and proximity of witnesses with respect to claims in the Florida case favor transfer of the Florida case to this Court.

The most compelling reasons for allowing both cases to proceed in this Court, however, are based upon "fairness" and "the interests of justice." With respect to fairness, Debtor's actions have hindered the progress in Bank's nondischargeability proceeding. Debtor, after filing for bankruptcy protection, moved from this District and subsequently failed in his responsibility to appear at two scheduled depositions. Because Debtor did not attend either deposition, Bank has not yet questioned Debtor, and there is no assurance that he will appear in the future for questioning by either Bank or this Court. Thus, in addition to Bank's fruitless expenditure of funds to arrange two depositions, Bank cannot reasonably expect future cooperation from Debtor in pursuing its nondischargeability complaint. At the same time, with its Adversary Proceeding on perpetual hold, Bank would have to hire counsel in the Florida case in order to protect its interests.

With respect to the interests of justice, maintaining the Chapter 13 case in Florida as Bank attempts to prosecute its Adversary Proceeding in its pending Chapter 7 case in this Court may lead to conflicting rulings, delays, or uncertainty in adjudicating one or both cases. Should this Court find that the debt to Bank is nondischargeable in Debtor's Chapter 7 case, that debt would then be subject to special scrutiny in his Chapter 13 case. *See, e.g., In re Sellers,* 285 B.R. 769, 773–777 (Bankr.S.D.Ga. 2001) (Davis, J.) (discussing and applying good faith principles in dismissing Chapter 13 case seeking to discharge debt held nondischargeable in prior Chapter 7 case). The Chapter 7 dischargeability proceeding has been stalled by Debtor's failure to attend depositions, even as Debtor's *Schedule F* in his Chapter 13 case evidences his attempt to discharge his debt to Bank.

Such attempt to discharge the same debt in two simultaneous cases violates a principle noted by some courts as an important consideration in determining whether two cases may be simultaneously maintained. *See Transam. Credit Corp. v. Bullock (In re Bullock),* 206 B.R. 389, 392–93 (Bankr.E.D.Va.1997) (interpreting longstanding Supreme Court precedent as precluding maintenance of simultaneously pending cases *"which seek to discharge the same debt"* (emphasis in original) (discussing *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925))); *cf. also In re Strohscher,* 278 B.R. 432, 435 (Bankr. N.D.Ohio 2002) (observing that some courts have prohibited debtors from maintaining two simultaneous bankruptcy cases out of a concern for abuse); *In re Fulks,* 93 B.R. 274, 275–76 (Bankr.M.D.Fla.1988) (opining that obtaining discharge while another case is pending is not permissible because debtors may "undertake numerous simultaneous filings when events in one case take a turn to their disliking" (quoting *In re Smith,* 85 B.R. 872, 874

(Bankr.W.D.Okla.1988))).[2]

I conclude, therefore, that in light of the convenience of the Brunswick, Georgia, forum to all creditors in the case, and additionally, in the interests of justice and fairness, the Florida case should proceed hereafter in this Court. Should the balance of convenience, fairness, and interests of justice shift in the future, upon adjudication of the Chapter 7 dischargeability question, this Court will consider transferring the Florida case back to the Southern District of Florida. For now, both the Chapter 7 and the Chapter 13 cases will proceed in this Court.

2. Where, however, there is no conflict in administering the assets of two simultaneously pending cases, and thus no legal or practical reason to bar a debtor from maintaining two cases, maintenance of two such cases has been allowed. *E.g., In re Strohscher*, 278 B.R. at 433–34 (collecting cases).

### *ORDER*

Pursuant to the above and under authority of Federal Rule of Bankruptcy Procedure 1014(b), the motion of The First Bank of Brunswick to transfer Chapter 13 Case Number 03–12277 BKC–RAM from the Bankruptcy Court for the Southern District of Florida to this Court IS HEREBY GRANTED.