In re Rafael SANCHEZ–DOBAZO, a/k/a Juan J.R. Sanchez–Dobazo and Margot Sanchez–Dobazo, Debtors.

No. 05–42509–BKC–RAM.

United States Bankruptcy Court, S.D. Florida.

June 2, 2006.

Michael A. Frank, Esq., Miami, FL, for Debtors.

Nancy N. Herkert, Miramar, FL, Standing Chapter 13 Trustee.

## ORDER DENYING TRUSTEE'S MOTION TO DISMISS

ROBERT A. MARK, Chief Judge.

The issue presented in the chapter 13 Trustee's Motion to Dismiss is whether a chapter 13 petition is prohibited per se, when a prior chapter 13 case is still open, payments under the first plan have yet to be completed, and the debtors have not yet obtained their discharge.

### Factual and Procedural Background

On July 5, 2000, the debtors, Juan and Margot Sanchez–Dobazo ("Debtors"), filed a voluntary petition under chapter 13 of the Bankruptcy Code, Case No. 00–15915–BKC–AJC (the "First Case"). The Debtors' five year First Amended Plan, confirmed on December 29, 2000, provided for the payment of just over $43,000 in priority debt to the IRS with a minimal payment of $50 to the unsecured creditors as part of the final payment. When the Debtors final payment, due in July 2005, was not paid, the Trustee issued a Notice of Delinquency on December 6, 2005, reflecting the

$1,503 shortfall. The Debtors made the final payment later that month and the Trustee filed her Notice of Plan Completion on January 5, 2006. A discharge was issued on January 13, 2006.

During the pendency of the First Case, the Debtors incurred additional debt. On October 7, 2005, four months before receiving their discharge in the First Case, the Debtors filed a second chapter 13 petition, commencing this case (the "Second Case"). The second filing occurred after the date on which the first plan should have concluded but, as noted above, at the time of the second petition, $1,503 remained to be paid pursuant to the first plan. On January 13, 2006, the Debtors filed their chapter 13 plan in the Second Case, which has yet to be confirmed. The 60 month plan provides for payment of a secured claim held by the Simplicity Plan in months 1 through 15, payment of IRS priority debt of just under $14,000, payable $311/month in months 16 to 60, and payments of $31/month in months 16 to 60, allocated pro rata to the unsecured creditors. The Schedules in the Second Case list unsecured debt totaling $7,145, tax debt totaling $20,364, and a debt of $4,300 to the Simplicity Plan, partially secured by a lien on a cemetery plot. It appears that all of this debt is entirely distinct from the debt listed in the First Case. Only one creditor, the IRS, is scheduled in both bankruptcies, but the years of the tax debts do not overlap.[1] It also appears that the cemetery plot was acquired after the filing of the First Case.

On May 11, 2006, the Trustee filed her "Notice of Hearing and Trustee's Motion to Dismiss Case as Void Ab Initio or in the Alternative for Bad Faith" ("Motion to Dismiss"). The Motion to Dismiss alleges

---

1. The IRS Proof of Claim in the Second Case lists $14,339.19 in unsecured debt and $14,016.90 as a priority claim for taxes as-

sessed in 2004 and 2005 for the tax periods ending December 31, 2000, 2001, 2002, and 2004.

that a chapter 13 bankruptcy that overlaps another chapter 13 is a nullity, especially when the second petition is filed before entry of discharge in the earlier case.

### Discussion

■ The Bankruptcy Code neither explicitly allows nor prohibits overlapping filings, like those of the Debtors in this case. We know that serial filings are not barred. *Johnson v. Home State Bank*, 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). As the Supreme Court observed:

> Congress has expressly prohibited various forms of serial filings.... The absence of a like prohibition on serial filings of Chapter 7 and Chapter 13 petitions, combined with the evident care with which Congress fashioned these express prohibitions, convinces us that Congress did not intend categorically to foreclose [this] benefit
> ....

*Id.* at 87, 111 S.Ct. 2150. We also know that in this circuit, the second case can be filed before the first case has been closed. *In re Saylors*, 869 F.2d 1434, 1437 (11th Cir.1989). The open question is: can the second case be filed before the discharge has been entered in the prior case?

### 1. *No Binding Authority Bars the Filing of this Second Case*

The Trustee's Motion to Dismiss relies primarily on the Supreme Court's decision in *Freshman v. Atkins*, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), and a line of cases holding that simultaneous petitions violate the "single estate rule." Motion to Dismiss ¶ 5–8. The Trustee accurately cites *Freshman* for the proposition that "a debtor may not have two applications for discharge of the same debts concurrently." *Id.* at ¶ 5; *see Freshman*, 269 U.S. at 123–24, 46 S.Ct. 41. However, this Court rejects the Trustee's extension of that holding to support her argument that a petition is "void ab initio [if] it was filed prior

to the discharge of a prior case filed by the debtor." Motion to Dismiss ¶ 8. Although some cases read *Freshman* as barring all simultaneous cases, *see, e.g., In re Turner*, 207 B.R. 373, 378 (2d Cir. BAP 1997); *In re Fulks*, 93 B.R. 274 (Bankr.M.D.Fla. 1988), *Freshman* does not compel this result. In *Freshman*, a second voluntary petition was filed which included, among others, all the creditors of the first still open bankruptcy. 269 U.S. at 122, 46 S.Ct. 41. The Supreme Court affirmed the lower court's order, which denied the application only insofar as it pertained to the creditors of the first bankruptcy. *Id.* at 122–124, 46 S.Ct. 41. Thus, the Court did not prohibit simultaneous filings. Just the opposite, it allowed the debtor to initiate a second bankruptcy during the pendency of the first, so long as no creditors were affected twice. *In re Grimes*, 117 B.R. 531, 534 (9th Cir. BAP 1990).

### 2. *The "Single Estate Rule" Does Not Void the Second Filing*

The Trustee also references a line of cases holding that simultaneous filings are "contrary to the contemplated function of the bankruptcy code," to resolve the debtor's finances under a single estate. Motion to Dismiss ¶ 6 (quoting *Turner*, 207 B.R. at 378). This view, the so called "single estate rule," comes in several different flavors. The strong version of the single estate rule prohibits any overlap of bankruptcy estates. *Turner*, 207 B.R. at 378. However, this rule has been implicitly rejected by the Eleventh Circuit in *In re Saylors*, where the court allowed a chapter 13 to be filed before dismissal of a chapter 7. 869 F.2d. at 1437. The Trustee attempts to distinguish this holding because in *Saylors*, unlike here, a discharge had been issued before the second filing. Motion to Dismiss ¶ 6 (quoting *Turner*, 207 B.R. at 378). That is true. However, if the single estate rule is broad, it would preclude all second filings while the first

case remains open, whether or not a discharge had been entered. *In re Strohscher*, 278 B.R. 432, 436 (Bankr.N.D.Ohio 2002) (citing *In re Studio Five Clothing Stores*, 192 B.R. 998, 1003 (Bankr.C.D.Cal. 1996)). Thus, the Eleventh Circuit's holding in *Saylors*, that a second case can be filed before the first case is closed, is tantamount to a rejection of the strong version of the single estate rule.

If simultaneous filings are not precluded under the single estate rule, no automatic violation of the rule should be triggered by a second filing prior to discharge in the first case. As the court observed in *Studio Five Clothing*, "discharge in the first case would not have any bearing on the single estate problem, because obtaining a discharge or a denial thereof is not the event that dissolves the bankruptcy estate." 192 B.R. at 1006. This Court agrees with the *Strohscher* court which, after citing the foregoing language in *Studio Five Clothing*, concluded that the single estate rule does not impose a requirement that discharge in the first case is a condition to allowing the second filing. 278 B.R. at 436.[2]

 A milder and more reasonable formulation of the single estate rule simply bars a particular piece of property from being an asset of multiple bankruptcy estates simultaneously. *E.g.*, *Studio Five Clothing*, 192 B.R. at 1006. This Court adopts this more limited rule, since such a rule does not conflict with the Eleventh Circuit's ruling in *Saylors*, is consistent with the Supreme Court decision in *Freshman v. Atkins*, and makes practical sense.

The single estate rule, as interpreted in this Order, would bar a second filing if assets of the debtors were simultaneously property of the two bankruptcy estates. That does not appear to be the case here based on the Eleventh Circuit's determination of what constitutes property of the estate in a chapter 13 case. *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333 (11th Cir.2000). There, the court concluded that "while the filing of the petition for bankruptcy places all the property of the debtor in the control of the bankruptcy court, the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan." *Id.* at 1340 (quoting *In re Heath*, 115 F.3d 521, 524 (7th Cir.1997)). Thus, during the course of a chapter 13 case, property not administered in or necessary for payments in the case revests in the debtor and is not part of the bankruptcy estate. A debtor is therefore capable of creating a distinct second estate, which contains no assets in common with the first. While further inquiry as part of the confirmation process may reveal otherwise, it appears from the present record that the Second Case does not involve any of the assets or liabilities subject of the First Case and therefore does not violate the single estate rule.

### 3. The Possibility of Abuse of the System or Bad Faith Does Not Support a Per Se Rule Barring a Second Filing Before Discharge

 Notably, some of the cases dismissing overlapping filings focus on the poten-

---

**2.** The *Strohscher* court went on to hold that absent exceptional and unique circumstances, a debtor may only file the second case after receiving a discharge. However, the court's holding was focused on the filing of a chapter 13 case before entry of a discharge in a pending chapter 7 case. In that situation, the court observed a debtor has the absolute right to convert the chapter 7 case to chapter 13 under 11 U.S.C. § 706(a) and therefore stated "it is difficult for this Court to conceive of any legitimate reason as to why a debtor would, prior to receiving a discharge, need to file a subsequent bankruptcy case." 278 B.R. at 437. That reasoning has no application when the prior pending case, as here, is a chapter 13 case.

tial abuse of the system if such filings were allowed. *See, e.g., Turner,* 207 B.R. at 378. In *Turner,* the court took note of the potential for simultaneous bankruptcies to exploit the bankruptcy process by reinstating the automatic stay. *Id.* at 379. Regarding a chapter 13 filed during the pendency of a chapter 7, the court went so far as to conclude that "[t]he only rationale for not converting an open case and filing a new petition is the creation of a new automatic stay." *Id.* Another potential for abuse was noted in *In re Fulks,* 93 B.R. 274 (Bankr.M.D.Fla.1988), warning that "debtors could undertake numerous simultaneous filings when events in one case take a turn to their disliking." *Id.* at 276 (quoting *In re Belmore,* 68 B.R. 889 (Bankr.M.D.Pa.1987)).

If not appropriately limited, overlapping bankruptcies could be abusive. However, other fact patterns have presented non-manipulative motives for filing simultaneous cases. For example, in *In re Mims,* No. 95 B 00713, 1995 WL 230582, 1995 Bankr.LEXIS 474 (Bankr.N.D.Ill. Apr.11, 1995) (unpublished decision), the court allowed a second chapter 13 petition filed before discharge or dismissal of the original chapter 13, but after the completion of the plan and the mailing of the trustee's final report and account. In such an instance, a second filing, even before discharge in the first case, does not exploit the automatic stay provision, nor does it allow the debtor to avoid unfavorable outcomes of the first bankruptcy. Similarly, the Debtors' filing of the Second Case here does not appear abusive. As noted earlier, the first plan was one payment short of complete and the Second Case is addressing completely different debts which arose after the First Case was filed.

In light of the potential for non-abusive second filings, a per se rule always barring a second chapter 13 filing before discharge

in the first case, simply to avoid the possibility of abuse, would conflict with Congress' purpose of encouraging chapter 13 plans. *See Saylors,* 869 F.2d at 1437. Moreover, as several courts have noted, other remedies exist to curb abuse. *E.g., id.* ("The good faith requirement of 11 U.S.C. § 1325(a)(3) is sufficient to prevent undeserving debtors from using this procedure, yet does not also prevent deserving debtors from using the procedure.").

Finally, the Court will briefly address the Trustee's accurate observation that simultaneous filings have generally been allowed with the first case still open, only if the debtor had received his or her discharge. *E.g., Saylors,* 869 F.2d at 1434; *Strohscher,* 278 B.R. at 437; *In re Strause,* 97 B.R. 22, 29 (Bankr.S.D.Cal.1989). Significantly, almost all of those cases are "Chapter 20" cases in which the second case is a chapter 13 filed to stop a mortgage foreclosure. Under these typical "Chapter 20" fact patterns, allowing the chapter 13 case to proceed before the discharge is entered in the chapter 7 would be arguably prohibited under *Freshman,* since the underlying debt on the mortgage would exist in both cases. Such a filing would also arguably violate the "single estate rule" if the property securing the mortgage was not exempt and was therefore property of both the chapter 7 and chapter 13 estates.

Neither the same debt nor same property issues, which are present in these typical "Chapter 20" scenarios, exist in the instant case. The debts in the Second Case were incurred after the filing of the First Case and therefore were not addressed in the earlier case. Similarly, the only property that is part of the estate in the Second Case is the cemetery plot, which was also apparently acquired after the first filing.

In sum, the Court rejects a per se rule which would bar a second filing before entry of discharge in an earlier filed case. No binding case law nor statutory provisions bar the second filing and, absent overlapping debts or assets which would be property of both estates, the second petition does not violate the judge-made "single estate rule." Thus to the extent that the trustee's Motion to Dismiss argues that this case should be dismissed as void ab initio, the Motion is denied. For the foregoing reason, it is–

**ORDERED** as follows:

1. The Trustee's Motion to Dismiss is denied. The petition in this case is not void ab initio.

2. To the extent the Motion to Dismiss also seeks dismissal based on allegations of bad faith, the Motion to Dismiss is denied without prejudice to the trustee renewing these allegations in an objection to confirmation.